*W. A. Greenwell* (*Castle & Withington* on the brief) for Lewers & Cooke, Ltd.

---

## THE TERRITORY OF HAWAII, BY JAMES W. PRATT, COMMISSIONER OF PUBLIC LANDS, *v.* KAPIOLANI ESTATE, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 2, 1908.          DECIDED MARCH 13, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

LANDLORD AND TENANT—*summary proceedings—affidavit to oust jurisdiction of district court.*

An affidavit in the district court, in support of a plea that title to real estate is involved, is insufficient under supreme

court rule 15 when no facts are alleged showing title in the defendant or in some third party under whom he claims.

ID.—*pleading—right to bring action—judicial notice—clerical error.*

An action for summary possession for violation of conditions of a lease of land formerly crown land may properly be brought in the name of the Territory by the commissioner of public lands.

The court takes judicial notice that the title in the lands formerly known as crown land is now in the United States and that the Territory is by law entitled to reenter and recover possession for nonpayment of rent.

A clerical error, explained in an instrument annexed to the complaint and made part of it, is harmless.

COURTS—*judicial question—crown lands.*

A claim that Art. 95 constitution of the Republic of Hawaii is invalid, which declares that the portion of the public domain theretofore known as crown lands then was, and theretofore had been, the property of the Hawaiian government, does not present a question for judicial inquiry.

### OPINION OF THE COURT BY HARTWELL, C.J.

Exceptions are brought by the defendant to the rulings and judgment of the circuit court in favor of the plaintiff in an action which the plaintiff brought in the district court of Honolulu under the provisions of Ch. 133 R. L. to recover possession of certain land leased by the crown land commissioners to Kapooloku July 1, 1882, for the term of thirty years at an annual rental of $220 payable in advance to the commissioners or their successors in office, the lessee covenanting to pay the rent and the lease containing a proviso that upon nonpayment of the rent reserved it should be lawful for the commissioners and their successors in office without warrant or other legal process to reenter and repossess the premises, a copy of the lease being attached to and made part of the complaint. The complaint avers that the lessee devised the land to Kapiolani by her will of November 1893, admitted to probate, as appears in probate record 2990, the assignment of the lease to David Kawananakoa and Jonah Kalanianaole by deed of February 10, 1898, and by

them to the defendant by deed of August 7, 1899, and that the defendant holds the premises without right because of failure to pay rent, for which the sum of $1320 was due. The district court gave judgment for the plaintiff on the evidence and admissions after having overruled the defendant's plea to the jurisdiction and demurrer. On defendant's appeal to the circuit court it renewed its plea to the jurisdiction which was based on the ground that title to real estate was involved in the determination of the cause as shown by an affidavit of its managing director Colburn that he claims and believes that the Territory has no title in the land or right to maintain the action. The plea being overruled the defendant demurred to the complaint on the grounds that the Territory has no right to bring the action in its name by Pratt, the commissioner, or otherwise than in the name of the attorney general; that the complaint does not show a cause of action; particularly that the Territory could not have leased the land July 1, 1882, as alleged in the complaint, and that the complaint does not show the title to be in the Territory or the defendant's succession to the title of the lessee. The demurrer was overruled and jury being waived the defendant pleaded orally the "general issue." The case was tried and judgment given for the plaintiff upon the evidence of the lease admitted against the defendant's objection that it was not executed by the plaintiff and upon the defendant's admission that the lessee devised the leasehold to Queen Kapiolani who conveyed it by deed of February 10, 1898, to David Kawananakoa and Jonah Kalanianaole who, by deed of August 7, 1899, conveyed to the defendant which now holds under the lease; that no rent has been paid by the defendant since June 30, 1902, and that if any was due to the plaintiff at the date of the commencement of the action, September 11, 1907, it was the sum of $1,320.

(1) The plea to the jurisdiction is based on the proviso in Sec. 1662 R. L. relating to the jurisdiction of district courts "that such courts shall not have cognizance of real actions nor

actions in which the title to real estate shall come in question." Rule 15 of the supreme court, entitled "Defense of Title in District Courts," provides as follows:

"Whenever, in the District Courts, in defense of an action of trespass, or a suit for the summary possession of land, or any other action, the defendant shall plead to the jurisdiction in effect that the suit is a real action, or one in which the title to real estate is involved, such plea shall not be received by the court, unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim."

The object of this rule was to prevent tenants from ousting the district court of jurisdiction in this class of cases by merely saying that the title to real estate would come in question and thereby depriving the landlord of the summary remedy given by statute (Sec. 2089 R. L.) for obtaining possession of land "Whenever any lessee or tenant of any lands or tenements, or any person holding under such lessee or tenant, shall hold possession of such lands· or tenements without right, after the determination of such tenancy, either by efflux of time or by reason of any forfeiture, under the conditions or covenants in any such lease." The affidavit filed in support of the plea does not, as required by the rule, set forth "the source, nature and extent of the title claimed by defendant," meaning his present title, nor "such further particulars as shall fully apprise the court of the nature of defendant's claim." It is impossible to say from the statement whether the defendant's assertion of its belief that the title was not in the Territory, not suggesting where it was, was a mere pretext to obtain longer possession rent free or was based upon facts which would require the district court to pass judgment upon the title. The statute provides a summary method of recovering possession of land and should receive such reasonable construction as will not nullify its intended effect by enabling tenants to prolong the suit by un-

founded pleas. The plea was properly not received by the district court owing to the insufficiency of the affidavit.

(2) The claim that the action ought to have been brought and entitled in the name of the Territory by the attorney general is based upon Sec. 2009 R. L. which authorizes the attorney general to bring suits for the Territory in order to obtain possession of any specific property, real or personal, and that "all such suits shall be entitled in the name of the Territory by the attorney general of the Territory." This action, however, was not brought under this section and it is contended by the defendant, in the absence of any showing that it was brought with the approval of the governor, the action was not brought under Sec. 285 R. L. providing that the commissioner of public lands with the approval of the governor may take possession of the demised premises in case of violation of any of the conditions of a general lease. The approval of the governor is not required to be in writing and may properly be presumed to have been given. The law (Sec. 272 R. L.) places with the commissioner of public lands the general supervision of all public land which was ceded to the United States by the Republic of Hawaii, which included (Sec. 99 Org. Act) the "portion of the public domain heretofore known as crown land." Sec. 273 R. L. expressly authorizes the commissioner's sub-agents to bring such action as this and implies, especially in the county of Oahu where there are no sub-agents, that he may bring them himself. The Territory is a proper party to bring suit to recover possession of the land and the action may be brought in the name of the Territory by the commissioner of public lands.

(3) The statement in the demurrer that the complaint does not show the defendant's succession to the lessee's title is untrue in fact. The objection that the complaint does not show the title to be in the Territory is not sustained, the court taking judicial notice, and it being unnecessary to aver, that the title in the lands formerly known as crown lands is now in the

United States and that the Territory is by law entitled to re-enter and recover possession for nonpayment of rent. Wigmore, Evidence, Secs. 2566, 2572, 2575; Thayer, Evidence, 283; *U. S. v. Arredondo,* 6 Pet. 710; *U. S. v. Perot,* 98 U. S. 428 (judicial notice of laws prevailing in countries acquired by the United States up to the time of acquisition); *U. S. v. Chaves,* 159 U. S. 452, 459 (judicial notice of laws of Mexico prior to cession by treaty).

The complaint is defective in averring that the Territory made the lease, a defect which is pointed out in the demurrer, but the lease, which is made part of the complaint, shows that it was made by the crown land commissioners in 1882, and averring that it was made by the Territory may be regarded as "a mere clerical error which is corrected by papers which by reference are made part of the plea and will not render the plea defective." *Briggs v. Thayer,* 31 Vt. 433. It is a defect in form which is harmless in view of the fact appearing by the lease and, if the demurrer had been sustained on this ground, could have been amended.

As above stated, it was unnecessary to aver the title of the Territory in that portion of the public lands which at the date of the lease were known as crown lands since judicial notice is taken that by Art. 95 of the constitution of the Republic of Hawaii the crown lands were declared to be the property of the Hawaiian government and that by the public land act of 1895 those lands as part of the public domain were placed under the management of the commissioner of public lands, a title which was recognized by the joint resolution of annexation, the lands having been ceded by the Republic of Hawaii to, and accepted by, the United States, and also recognized by the organic act (Sec. 83) in continuing in force the land laws of the Republic of Hawaii, and (Sec. 99) declaring that the crown lands on August 12, 1898, were, and prior thereto, had been, the property of the Hawaiian government. The validity of the declaration in the constitution of the Republic of Hawaii, under which

the present title is derived, does not present a judicial question. Even assuming, but in no way admitting, that the constitutional declaration was confiscatory in its nature, this court has no authority to declare it to be invalid. The subsequent derivation of the title by the United States, as above stated, is clear.

The position here taken in refusing to regard the defendant's claim that the title is otherwise than is fixed by constitutional law as presenting a judicial question is well illustrated in numerous decisions of the United States supreme court. *Foster v. Neilson* 2 Pet. 253, 316; *Williams v. Suffolk Ins. Co.,* 13 Pet. 414, 420; *Luther v. Borden,* 7 How. 1, 41, 56; *Jones v. U. S.* 137 U. S. 202, 213; *Astiazaran v. Santa Rita L. & M. Co.,* 148 U. S. 80, 82; *McCray v. U. S.* 195 U. S. 27, 54; *Wilson v. Shaw,* 204 U. S. 24, 32.

Exceptions overruled.

*W. L. Whitney,* Deputy Attorney (*C. R. Hemenway,* Attorney General, with him on the brief), for plaintiff.

*C. W. Ashford* for defendant.