## SARAH KAHALEKULU v. CHAS. KAMAKA AND DAVID KEOLA.

### No. 1686.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED JUNE 2, 1926.             DECIDED JULY 13, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

LANDLORD AND TENANT—*summary possession—plea to jurisdiction of district court.*

> In an action for the summary possession of land by a landlord an affidavit filed by defendant in support of a plea to the jurisdiction of the district court, which contains the averment that defendant "is the owner of an undivided interest in the premises in question, having bought said interest from one K., said deed being dated the 5th day of April, A. D. 1924 and recorded in Liber 729 on pages 141-3; that he claims ownership to said undivided interest in the property in question and is entitled to the possession thereof," is defective and should not be received by the district court for the reason that it does not set forth, in obedience to Rule 14 of this court, the source, nature and extent of the title claimed by defendant.

OPINION OF THE COURT BY LINDSAY, J.

This is an appeal on points of law from a judgment of the district magistrate of Wailuku, Maui, in favor of defendants. Plaintiff brought an action for summary possession in the district court, alleging in her complaint that, on April 30, 1920, she, by written indenture, leased unto defendants certain land at Waiehu, Maui; that defendants entered into possession under the lease; that the relation of landlord and tenant exists between the parties; that the defendants have broken certain covenants in the lease on their part to be observed and performed; that, by reason of said breach on the part of defendants, they have forfeited their rights under the

lease; that on March 1, 1926, plaintiff served written notice upon defendants of the forfeiture and gave them notice to quit; that notwithstanding the foregoing defendants still hold possession of the land without right and contrary to the rights of plaintiff. Plaintiff prayed for the restitution to her of the premises and, in a second count, claimed damages for rentals and waste. One of the defendants, Charles Kamaka, filed an affidavit claiming ownership of an undivided interest in the land and the attorney for both defendants, on the strength of said affidavit, pleaded to the jurisdiction of the court. The district magistrate sustained the plea and refused to entertain jurisdiction of the case on the ground that title to the land was involved. Plaintiff has appealed on points of law.

Under the view that we take of the case it will be only necessary for us to consider the first point of law urged on behalf of plaintiff, which is that the district magistrate should not have received the plea of the defendants for the reason that the affidavit of Charles Kamaka, on which the plea was based, is defective in that it does not set forth the source, nature and extent of title claimed by defendants in compliance with Rule 14 of the court, which provides that: "Whenever, in the district court, in defense of an action of trespass, or a suit for the summary possession of land, or any other action, the defendant shall plead to the jurisdiction in effect that the suit is a real action, or one in which the title to real estate is involved, such plea shall not be received by the court, unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim."

The affidavit of Charles Kamaka was as follows:

"Charles Kamaka, being first duly sworn on oath, deposes and says, that he is one of the defendants in the above entitled cause and one of the tenants mentioned in that certain instrument marked Exhibit A and attached to plaintiff's complaint herein; that he is the owner of an undivided interest in the premises in question, having bought said interest from one Kumaiea Kaili Kahoohanohano, said deed being dated the 5th day of April, A. D. 1924 and recorded in Liber 729 on pages 141-3; that he claims ownership to said undivided interest in the property in question and is entitled to the possession thereof; that Sarah Kahalekulu, the plaintiff herein, filed an action in ejectment in the circuit court of the second circuit against affiant herein, said action being for the said premises in question and the plaintiff in said action alleged that affiant herein had no interest or title to the property in question; that said action of ejectment was discontinued on the 2nd day of November, A. D. 1925; that affiant is willing and ready to try the issues on the title of the property in question at any time before the proper court."

Rule 14 above quoted provides that, in a case such as we are concerned with, a plea to the jurisdiction of the court, on the ground that title to real estate is involved, shall not be received by the court unless the affidavit of defendant sets forth "the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim." In the case at bar does the affidavit of defendant set forth the source, nature and extent of the title claimed by him? All that defendant has stated in his affidavit in regard to his alleged title is "that he is the owner of an undivided interest in the premises in question, having bought said interest from one Kumaiea Kaili Kahoohanohano, said deed being dated

the 5th day of April, A. D. 1924, and recorded in Liber 729 on pages 141-3; that he claims ownership to said undivided interest in the property in question and is entitled to the possession thereof." The deed under which defendant claims ownership of an undivided interest is not before us and we are unable to say what interest in the land, if any, was conveyed to defendant thereby. There is nothing in the affidavit to indicate what, if any, title defendant's grantor had in the land, nor does the affidavit attempt to set forth the source, nature or extent of the same. For anything that appears to the contrary, the deed of Kahoohanohano to defendant may have simply conveyed to defendant the grantor's "right, title and interest" in the land without indicating what such right, title and interest consisted of. In our opinion the affidavit does not sufficiently set forth the source, nature and extent of the title claimed by defendant, and for that reason the plea to the jurisdiction should not have been received by the district magistrate.

The judgment appealed from is reversed and the case remanded to the district magistrate for further proceedings not inconsistent with this opinion.

*E. R. Bevins* for plaintiff.

*Enos Vincent* for defendants.