DAVID P. JELLINGS *v.* DAVID KAIHE AND MARY KAIHE, DEFENDANTS, L. L. McCANDLESS, GARNISHEE.

No. 1770.

ARGUED SEPTEMBER 30, 1927.　　　DECIDED OCTOBER 18, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from the district magistrate of Honolulu on points of law. The plaintiff sued the defendants for the sum of $314, alleged to be due for the rent of certain premises described in the complaint. The defendants filed a plea to the jurisdiction. The ground of the

plea is that in the hearing of the action the title to the property described would be brought in question. In conformity with Rule 14 of this court the defendants filed in support of their plea the following affidavit: "David Kaihe and Mary Kaihe being first duly sworn on their oaths each for himself deposes and says: That in the foregoing suit for alleged rents on Lot 16, Block 4 of the 'Kapahulu Tract,' the title to said property will come in question, and that the source, nature and extent of the title claimed by the defendants to said land is as follows: When said defendants went into possession of said land they did not go into possession as tenants of the plaintiff, but went into possession under an oral agreement entered into between the plaintiff and the defendant Mary Kaihe, whereby the plaintiff agreed to sell and the defendant Mary Kaihe agreed to purchase the land in question for the sum of forty-seven hundred fifty dollars ($4750.00); that at the time said agreement was entered into the plaintiff had in his hands moneys belonging to the defendant Mary Kaihe, the proceeds of the sale of Lots 61 and 62 of 'Waialae Heights' as shown on registered map No. 30, said sum of money so in the hands of said plaintiff amounting to approximately one thousand dollars ($1000.00), and it was agreed by and between the plaintiff and the said defendant Mary Kaihe that the said sum of money should be applied to the purchase price agreed upon, and that the remainder of said purchase price should be paid to the plaintiff by the defendant Mary Kaihe at the rate of forty dollars ($40) per month. Affiants further say that the defendant Mary Kaihe has made sundry payments to the plaintiff on account of said purchase price amounting to approximately four hundred dollars ($400.00), and that since said original entry upon said land by said defendants, they being husband and wife, has been under and by

162

virtue of said agreement of purchase and not otherwise, and they have continued to occupy under said agreement, and have made valuable improvements thereon."

The district magistrate sustained the plea whereupon the plaintiff appealed to this court. The points of law upon which the appeal was taken involve the question whether the affidavit above quoted discloses that the defendants had any claim of title to the land. If it does not it presents no question of title that the district magistrate would be required to adjudicate in the trial of the suit for rent. So far as the defendant David Kaihe is concerned it appears that he has no interest in the land of any sort, either legal or equitable. He was not a party to the contract described in the affidavit and his occupancy of the premises is solely as the husband of the other defendant, Mary Kaihe. It is shown by the affidavit that Mary Kaihe claims the right to occupy the premises because of an oral contract that was entered into between herself and the plaintiff by which the plaintiff agreed to sell and she agreed to purchase the land in question for $4750. It also appears from the affidavit that in accordance with the agreement $1000 of the purchase price was paid when the agreement was made. It also appears that under the agreement Mary Kaihe was to pay the balance of the purchase price in monthly installments of $40 each and that of this balance she has paid at sundry times the sum of $400. It does not appear from the affidavit that the agreement therein described was in force at the time the plea to the jurisdiction was interposed. The date of the agreement is not given nor is it alleged that Mary Kaihe had performed all the conditions imposed upon her by the contract. Certainly there is no presumption of the continuance of the contract. If at the time the plea to the jurisdiction was interposed the contract had been rescinded by consent of the par-

ties and was no longer in force no claim of interest or title to the property could be predicated upon it. The position of the defendants in this case would be the same as if no contract had ever been made. If the defendants wished to successfully challenge the jurisdiction of the district magistrate it was incumbent upon them to show affirmatively by their affidavit that their claim of title was based on a contract that was still in force and effect. If the facts do not permit them to include this recital in their affidavit without involving themselves in consequences that might prove to be serious they have no ground upon which to oust the district magistrate of jurisdiction.

The judgment appealed from is reversed and the case remanded to the district magistrate with instructions to take such proceedings as may be necessary not inconsistent with this opinion.

*W. C. Achi* (also on the brief) for plaintiff.

*Huber, Kemp & Stainback* filed a brief for defendants but did not argue.