## PHILIP L. MONETTE AND MARIA MONETTE *v.* JOSEPH BENJAMIN AND ALICE BENJAMIN.

### No. 4908.

AUGUST 19, 1970.

RICHARDSON, C.J., MARUMOTO, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE LUM IN PLACE OF ABE, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

In a summary possession action brought in the district court of Kona, defendants entered a plea to jurisdiction under HRS § 604-5, with supporting affidavits. The district court ruled that the plea was well taken, but the circuit court reversed on the ground that the affidavits did not adequately set forth the source, nature, and extent of the title claimed by defendants.

The question for decision here is the sufficiency of Alice Benjamin's affidavit. The affidavit of Joseph Benjamin was clearly deficient.

Rule 14 of the rules of this court provides that district courts shall not receive a plea to jurisdiction in a trespass or summary possession action unless the plea is accompanied by an affidavit setting forth "the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim."

The rule is derived from the order to district courts issued on March 1, 1895, and reported in 9 Haw. 730. Before the issuance of that order, entry of a plea to jurisdiction, without more, ousted a district court of jurisdiction. *Coney* v. *Manele,* 4 Haw. 154 (1879); *Ward* v. *Kamanaoulu,* 9 Haw. 619 (1895). Such situation was fraught with opportunity for abuse, and gave considerable concern to the court, which stated in *Coney* v. *Manele,* "If dishonest pleas should be set up by defendants, undoubtedly effectual means will be found to obviate the effects of such dishonesty." However, nothing was done to remedy the situation until *Ward* v. *Kamanaoulu* came up fifteen years

later. There, the court reluctantly followed the precedents, but stated: "We are aware of the mischiefs that are likely to occur where reckless or dishonest pleas of this character may be set up, compelling parties in the maintenance of their possession of land to resort to the higher courts for the pursuit of their remedies. * * * A rule will be made to apply to future cases." The opinion in the case was filed on February 25, 1895. The order to district courts followed four days later.

In her affidavit, Alice Benjamin deposed that she is the daughter of George Kipapa, who died in 1921, and Julia Kipapa, who died in 1945; that in 1922, she, her mother, and her five brothers moved into a house built by her grandfather on his land at Pahoehoe 3 in North Kona, being the land mentioned in the complaint, which her father had inherited from his father; that she lived in the house from 1922 on, first with her mother and brothers, and later with her husband, whom she married in 1932; and that she claimed ownership of the property for herself and her brothers by inheritance from her father, who had inherited the same from his father.

We think that the affidavit set forth all of the information called for in the rule, if we ascribe to the words in the rule their usual meaning. A fair reading of the affidavit shows that Alice Benjamin claimed title to the land in question by inheritance from her father, who in turn had inherited from his father, and that the title claimed by her was an undivided one-sixth interest in fee simple, which descended to her by intestate succession from the immediately preceding sole owner. Nothing in the history or context of the rule requires that the words used therein be given a meaning other than their usual meaning. The source, nature and extent of the title could have been described more precisely. But failure to do so, did not make the affidavit deficient. The following statement in

*Yanagi* v. *Oka,* 24 Haw. 176 (1918), applies: "The affidavits * * *, while very clumsily worded, * * * put in issue the title to the land involved and the district magistrate was thereby apprised of defendant's claim of title, its source, nature and extent * * *."

The circuit court stated in its ruling that it is supported by the following cases cited by plaintiffs: *Territory* v. *Kapiolani Estate,* 18 Haw. 640 (1908); *Novite* v. *Ham Pong,* 23 Haw. 65 (1915); *Kahalekulu* v. *Kamaka,* 29 Haw. 336 (1926); and *Jellings* v. *Kaihe,* 30 Haw. 160 (1927).

*Territory* v. *Kapiolani Estate* and *Jellings* v. *Kaihe* are inapposite. In the former, the affidavit was deficient because the defendant's managing director merely deposed that he did not believe that the title to the land in question was in the Territory, without claiming any title in the defendant. The latter was not concerned with the sufficiency of the statement regarding the source, nature, and extent of the title claimed by the defendant. It held that the defendant claiming title under an agreement should have stated that the agreement was in force when the plea to jurisdiction was entered. The holding appears to have gone beyond the plain meaning of the rule, but the requirement therein is not an onerous one and has the virtue of preventing the interposition of a sham plea.

*Novite* v. *Ham Pong* and *Kahalekulu* v. *Kamaka* contain an implication that it is not enough to state the source of the title claimed by the defendant and that the source of the defendant's predecessors in title should also be stated. Here, the circuit court ruled as it did presumably because of such implication.

We overrule *Novite* v. *Ham Pong* and *Kahalekulu* v. *Kamaka* to the extent that they require a statement of the source of the title claimed by the predecessors of defend-

ants. The requirement of rule 14 is that the affidavit set forth the source of the title "claimed by defendant" and such further particulars as shall apprise the court of the nature of "defendant's claim." In *Territory* v. *Kapiolani Estate,* the court stated that the source of the title claimed by defendant meant the source of "his present title." We agree with the following statement of the dissenting justice in *Novite* v. *Ham Pong*: "I do not understand rule 15 of this court to require that the plaintiff [*sic*] shall in an affidavit accompanying his plea to the jurisdiction of the court deraign his title back to the government.[1]

In this case, Philip Monette, one of plaintiffs, filed a counter-affidavit in reply to the affidavits submitted by defendants. Rule 14 does not provide for the filing of such counter-affidavit, and such counter-affidavit may not be considered in ruling on a plea to jurisdiction. If a district court should consider such counter-affidavit, it in effect would be ruling on a question of title. As stated in *Harrison* v. *McCandless,* 22 Haw. 129 (1914) : "The plea to the jurisdiction of the court, supported by the proper affidavit, raised a question of title; the merits of which could not be litigated in the summary proceeding, inasmuch as the plea ousted the district court of jurisdiction. If the merits of the question of title raised by such a plea may be litigated and determined in summary proceedings, the said proviso to section 1662 Revised Laws [HRS § 604-5] would be violated in letter and spirit." *See also Coney* v. *Manele, supra* at 157.

Reversed, and remanded to the circuit court with direction to enter judgment of dismissal of the appeal from the district court.

*Molly D. Zimring* for defendants-appellants.

*E. D. Crumpacker* for plaintiffs-appellees.

---

[1] Rule 15 referred to in the quotation corresponds to present rule 14. The justice obviously meant defendant when he used the word plaintiff.