ELEONORA E. KELIIPULEOLE, Plaintiff-Appellee,
v.
SHELLY M. RUTT, Defendant-Appellant AND
ELEONORA E. KELIIPULEOLE, Plaintiff-Appellee,
v.
SHELLY M. RUTT, Defendant-Appellant
Nos. 28214, 28215
Intermediate Court of Appeals of Hawaii.
January 28, 2009.
On the briefs:
Moses K.N. Haia, III, Camille K. Kalama (Native Hawaiian Legal Corporation) for Defendant-Appellant
Robert E. Chapman, Mary Martin, (Clay Chapman Crumpton, Iwamura & Pulice), for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, NAKAMURA, and FUJISE, JJ.
In these consolidated appeals, Defendant-Appellant Shelly M. Rutt (Rutt) appeals from the Judgment for Possession entered in Civil No. 1RC06-1-445 (Case 445) and Civil No. 1RC06-1-3501 (Case 3501) on September 14, 2006, by the District Court of the First Circuit, Honolulu Division, (district court) in favor of Plaintiff-Appellee Eleonora E. Keliipuleole (Eleonora). Rutt also challenges the district court's: 1) order granting Eleonora's motion for reconsideration; 2) order granting Eleonora's motion for summary judgment and denying Rutt's motion to dismiss the complaint for lack of subject matter jurisdiction; and 3) writ of possession.[1]
On appeal, Rutt argues that the district court lacked subject-matter jurisdiction over Eleonora's eviction actions because Rutt properly contested title to the property in issue. Rutt further argues that assuming arguendo that the district court had jurisdiction, the district court erred in: 1) granting Eleonora's motion for reconsideration of its previous dismissal of Case 445 for lack of jurisdiction; and 2) ruling upon the merits regarding the issue of title in granting Eleonora's motion for summary judgment. We conclude that the district court lacked subject-matter jurisdiction over the actions brought by Eleonora, and we therefore reverse the Judgment for Possession entered in Case 445 and Case 3501. Our disposition renders it unnecessary for us to reach the other points of error raised by Rutt.

I.

A.
At the time of his death, Irwin Keliipuleole (Irwin) held the leasehold interest in 1.060 acres of land (subject property) pursuant to Lease No. 17 of the Palolo Valley Homesteads (Lease No. 17), a 999-year homestead lease managed by the Department of Land and Natural Resources (DLNR). Eleonora is Irwin's surviving spouse and the mother to his three youngest children. Rutt is Irwin's daughter from a prior marriage.
Irwin became ill, and on February 23, 2004, the day before he died, Irwin signed an "Assignment of Lease" (Assignment), conveying his interest as lessee in Lease No. 17 to Eleonora, and a will which did not specify any real property, but devised his residuary estate to Eleonora. Sometime after Irwin's death, Rutt moved into one of the residences located on the subject property.
Pursuant to Hawaii Revised Statutes (HRS) § 171-99(e) (Supp. 2007),[2] Eleonora submitted the Assignment to the Board of Land and Natural Resources (BLNR) for its approval. On November 22, 2005, the BLNR consented to Irwin's assignment of his interest in Lease No. 17 to Eleonora. By letter dated December 7, 2005, Eleonora notified Rutt that she was trespassing on the subject property and had 45 days to vacate the subject property.

B.
When Rutt did not leave, Eleonora initiated the first of two eviction actions in district court. In Case 445, Eleonora filed a pro se complaint for ejectment, seeking to recover possession of the subject property and $4,500 for accrued rent and interest. Rutt filed a motion to dismiss the complaint for lack of subject-matter jurisdiction pursuant to HRS § 604-5 (Supp. 2007).[3] In the memorandum in support of the motion, Rutt alleged that: 1) Irwin's purported assignment of his interest in Lease No. 17 to Eleonora was void, was based on "coercion, undue influence, and/or fraud," and was made by Irwin "during a period in which he lacked capacity"; 2) Rutt had an interest in the subject property as an heir of Irwin; and 3) Rutt was "currently contesting the matter in other forums." Rutt also filed her own affidavit in support of the motion in which she asserted:
5. . . . . I claim an interest in the subject parcel through intestate succession as a surviving heir and daughter of my father, the late Irwin K. Keliipuleole.
6. I am currently contesting and intend to continue to contest the interest claimed by Eleonora K. Keliipuleole through the appropriate forums.
The district court granted the motion to dismiss.
Eleonora, this time with counsel, filed a second eviction action. In Case 3501, Eleonora filed a complaint alleging that Rutt was trespassing on the subject property, but did not seek damages for accrued rent. Eleonora also filed in Case 445, a motion for reconsideration of the order dismissing the complaint in that case. On August 14, 2006, the district court granted the motion for reconsideration and consolidated Case 445 and Case 3501 for trial.
On August 25, 2006, Rutt filed a motion to dismiss the complaint in both cases for lack of subject-matter jurisdiction.[4] Rutt's declaration in support of her motion provided in relevant part:
6. I dispute the validity of my father's Will and have filed a "Notice of Production of Documents in lieu of taking an Oral Examination" on August 17, 2006, in a good faith effort to secure the medical records to support my claim to title as an heir of my father, the predecessor to the subject property.. [sic] If successful, I will set aside the Will, and take title to the subject property by way of intestate succession as an heir. In this instance, I pleads [sic] title in myself and title has come into question in this case.
7. I will be moving this lawsuit to First Circuit court where title issues can be properly addressed with a court that has proper jurisdiction.
8. There may be some dispute over whether I have has [sic] in fact exhausted my administrative remedies at DLNR. At this point, I have subpoened the medical records of St.Francis Hospice to review the doctors reports regarding the condition of [Irwin] at the time he executed and signed the Will in question, one day prior to his death. Said records will provide the basis for contesting the Will and contesting any claim that Plaintiff may claim to have to the subject property.
. . . .
10. I claim an interest to the subject property through intestate succession as a surviving heir and daughter of my father, the late Irwin K. Keliipuleole.
11. I currently contest and intend to continue to contest the interest claimed by Eleonora at the First Circuit Court.
12. I am preparing with my attorney to file a lawsuit in the First Circuit Court, dispite [sic] there being some dispute over whether I have exhausted all of my administrative remedies, in order to contest title. I was not given any opportunity to do so by DLNR because they never gave me or my siblings proper notice. I am entitled to my day in court and request that this Court remove this matter to the First Circuit court so I can properly address my claim to the subject property.
Eleonora opposed the motion to dismiss and submitted letters from the BLNR to Rutt's counsel in which the BLNR refuses Rutt's requests for a contested case hearing on and reconsideration of the BLNR's consent to Irwin's assignment of his interest in Lease No. 17 to Eleonora. In the letters, the BLNR states that the court system, and not the BLNR, is the proper forum for Rutt to challenge the Assignment based on her allegations of undue influence, coercion, or fraud.
Eleonora filed a motion for summary judgment on August 25, 2006, arguing that Rutt had no valid claim to title and that there was no dispute that the BLNR recognized Eleonora as the sole lessee of the property. On September 5, 2006, the district court held a hearing on Rutt's motion to dismiss and Eleonora's motion for summary judgment. At that hearing, the district court stated:
Well, the Court's faced here with at this point, the original argument, the original title question was based on an argument that the defendant, that Ms. Rutt, was, had some interest by intestate succession, then it turns out there was a will. So intestate succession wouldn't apply anymore. So that would sort of take away the entire title question, and at this point, there still is no, there's no ruling, there's no, there's nothing even filed in probate court. At this point, title is with Ms. Keliipuleole, and the Court just doesn't see there is a title question at this time based on everything that's already occurred.
The district court denied Rutt's motion to dismiss for lack of jurisdiction, finding that "there is no recognizable claim, question of title being in dispute at this point and the Court therefore, denies the motion to dismiss for lack of jurisdiction." The district court granted Eleonora's motion for summary judgment, finding that "there is no material question of fact . . . that [Eleonora] has the lease through the DLNR and the will that was submitted to the probate court." It further granted judgment for possession in favor of Eleonora and ordered the writ of possession to issue forthwith.
On September 14, 2006, the district court entered a Judgment for Possession and issued a writ of possession. On September 21, 2006, the district court entered a written order in Case 445 and Case 3501 granting Eleonora's motion for summary judgment and denying Rutt's motion to dismiss. The order provided in part:
THE COURT HEREBY FINDS AS FOLLOWS:
1. There are no material questions of fact that the Department of Land and Natural Resources ("DLNR") has consented to, and recognizes, Plaintiff Eleonora E. Keliipuleole as the current lessee of the subject premises.
2. The court does not recognize any valid claim to title.
IT IS THEREFORE ORDERED THAT:
. . . .
Judgment for Possession and Writ of Possession to enter FORTHWITH. The trial date is vacated.
Rutt filed timely notices of appeal in both cases and moved to stay the execution of the writ of possession pending appeal. The district court granted Rutt's motion on the condition that Rutt post a $150,000 supersedeas bond by November 30, 2006. The district court further ordered that if the bond was not posted, a writ of ejectment would issue immediately. Rutt filed a motion for partial relief from the conditional stay order and requested a reduction in the amount of the bond. That motion was apparently denied, and on December 1, 2006, the district court issued a second writ of possession for the subject property in favor of Eleonora.

II.
Rutt contends that the district court was divested of jurisdiction because she asserted a defense which placed title to the subject property in question. We agree.
HRS § 604-5 (Supp. 2007) sets forth the jurisdiction of the district court over civil actions. HRS 604-5(d) imposes limits on the district court's jurisdiction, including that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question." With respect to ejectment proceedings, HRS § 604-6 (1993) similarly provides that "[n]othing in [HRS] section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings where the title to real estate does not come in question at the trial of the action."
The Hawai`i District Court Rules of Civil Procedure (HDCRCP) Rule 12.1 establishes procedures for asserting a defense of lack of jurisdiction on the ground that "title to real estate [has] come[ ] in question":
Pleadings. Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.
(Emphasis added.)
We conclude that Rutt complied with HDCRCP Rule 12.1 by asserting her jurisdictional defense through written motion, accompanied by her affidavit or declaration,[5] setting forth the source, nature, and extent of the title she claimed to the subject property. Rutt filed multiple motions to dismiss for lack of jurisdiction, which were each accompanied by her affidavit or declaration. Rutt's supporting affidavits and declarations made clear that she challenged the validity of Irwin's assignment of his interest in Lease No. 17 to Eleonora and Irwin's will, both of which were executed on the day before he died, on the grounds that Irwin lacked the capacity to sign these instruments and was the victim of coercion, undue influence, and/or fraud. Rutt adequately apprised the district court that she claimed title to the subject property through intestate succession as one of Irwin's heirs based on her contention that the Assignment signed by Irwin and Irwin's will were invalid.
Rutt's defense to Eleonora's eviction actions placed title to the subject property in question and thus divested the district court of jurisdiction. See Monette v. Benjamin, 52 Haw. 246, 248-49, 473 P.2d 864, 865-66 (1970) (holding that affidavit establishing that defendant claimed an undivided one-sixth interest in the property in question through intestate succession was sufficient to divest the district court of jurisdiction over a summary possession action); Hargrove v. Cox, 104 S.E. 757, 758-59 (N.C. 1920) (holding that defendant's claim to title, which was contingent on invalidating a conveyance made by the former landlord shortly before his death, was sufficient to divest a justice of the peace of jurisdiction, where justices of the peace lacked jurisdiction over cases in which title to real estate was in controversy); cf. Pierce v. Francis, 194 P.3d 505, 509-11 (Colo. Ct. App. 2008) (holding that two notices of lis pendens on property were not spurious where they were based on daughter's claim to title that was contingent on her invalidating father's will and acquiring an interest in the property through intestate succession).
We note that Rutt asks that she be permitted to live on the subject property pending resolution of the title issue. We decline to rule on this request. The record shows that the BLNR has approved Irwin's assignment of his interest in Lease No. 17 to Eleonora, and we are not aware of any action or decision that has invalidated the Assignment or the BLNR's approval. It also appears that the writ of possession was executed and that Rutt was removed from the subject property. Our determination that the district court lacked jurisdiction over Eleonora's eviction actions does not answer the question of who is currently entitled to possession of the subject property.

III.
Because we conclude that the district court lacked jurisdiction over the underlying cases, we need not address the other points of error raised by Rutt.

IV.
We vacate the Judgment for Possession entered on September 14, 2006, by the district court in Civil No. 1RC06-1-445 and in Civil No. 1RC06-1-3501, and we remand these cases to the district court with instructions that the district court dismiss the cases for lack of jurisdiction.
NOTES
[1] The Honorable Faye M. Koyanagi granted Eleonora's motion for reconsideration. The Honorable Hilary B. Gangnes issued the other orders and the Judgment for Possession at issue in these consolidated appeals.
[2] HRS § 171-99(e) provides:

Assignment; certificate of occupation or homestead lease. No existing certificate of occupation or existing homestead lease, or fractional interest thereof, shall be transferable or assignable except by conveyance, devise, bequest, or intestate succession and with the prior approval of the board of land and natural resources; provided that transfer or assignment by conveyance, devise, or bequest shall be limited to a member or members of the occupier's or lessee's family.
For the purposes of this section, "family" means the spouse, reciprocal beneficiary, children, parents, siblings, grandparents, grandchildren, nieces, nephews, a parent's siblings, children of a parent's siblings, and grandchildren of a parent's siblings, of the occupier or lessee.
All the successors shall be subject to the performance of the unperformed conditions of the certificate of occupation or the homestead lease.
[3] HRS § 604-5(d) provides in relevant part that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]"
[4] Prior to this motion, Rutt filed in Case 3501, a motion to dismiss the complaint on July 11, 2006, and a first supplement to that motion on July 31, 2006.
[5] Rule 7(g) of the Rules of the District Courts of the State of Hawai`i permits an unsworn declaration that is subscribed to be true under penalty of law to be submitted in lieu of an affidavit.