**MARK KIMBALL**, Plaintiff–Appellant, v. **FRANCES FOX LINCOLN**, Individually and as Trustee of the Irrevocable Trust of **FRANCES F. LINCOLN**, dated February 3, 1987, Defendant–Appellee, and **JOHN DOES 1–10** and **ROE CORPORATIONS and PARTNERSHIPS 1–10**; et al., Defendants

NO. 14653

(CIV. NO. 89–141K)

APRIL 5, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment for the appellee landlord in a dispute that is essentially one of whether there was a valid and subsisting lease of agricultural land.

The agreement between the appellant, as lessee, and the appellee, as lessor, was executed on January 12, 1988 and acknowledged by both parties. Subsequently, the appellee signed, before a notary and a witness, a document dated August 23, 1988, in which she stated in part:

> I reaffirm my property lease of January 12, 1988 to Mark Kimball and instruct Mr. Bartsch to hand over the lease agreement forthwith for recordation.

Apparently, appellant took possession of the land in question, commenced working thereon, and tendered rental payments which, for a period of time, were accepted. Subsequently, appellee took the position that the lease was a not a valid one and, through her attorneys, refused to accept further lease payments. Appellant then brought this action.

The original complaint was in three counts entitled respectively, "Summary Possession," "Specific Performance," and "Declaratory Relief." Essentially appellant sought a declaration that the lease was valid and subsisting and sought the court's aid in the enforcement thereof. The complaint was filed July 12, 1989. On August 16, 1989, appellee filed an answer setting up fourteen defenses and a counterclaim in five counts alleging that she never intended to lease the property to the appellant, that the lease was executed as a result of appellant's undue influence, breach of fiduciary duty, misrepresentations, and as a result of appellee's incompetence at the time of the execution of the lease. The answer and counterclaim were served by registered mail August 16, 1989. On September 14, 1989, the clerk entered a default against the appellant on the counterclaim since no response to the counterclaim had been filed within twenty days as required by HRCP 12(a). On September 18, appellant filed his answer to the counterclaim and on September 21, a motion to set aside the entry of default was filed. On September 29, appellant filed a demand for jury trial of all issues in the case. On November 2, a stipulated order setting aside the default was entered, and on February 14, 1990, a first amended complaint was filed pursuant to an order allowing the same.

The first amended complaint added counts entitled respectively, "Fraud" and "Breach of Contract/Promissory Estoppel." On February 26, 1990, appellee filed an answer to the first amended complaint. No jury demand with respect to the new counts was filed.

Eventually, after discovery was completed, the case was tried and submitted to a jury upon a special verdict form. On May 10, 1990, the jury returned a verdict which read:

1. Was there a valid lease entered into between Plaintiff and Defendant dated January 12, 1988.

YES  X              NO  ___

If you answered "No" to the preceding question, please have the foreperson sign and date this form, and contact the Bailiff. If you answered "Yes" to the preceding [question], please go on to the next question.

2. Is the lease void or voidable by reason of the following:

Check the ones, if any, that apply, otherwise leave blank.

a.  Undue Influence?              _____
b.  Fraud?                        _____
c.  Duress?                       _____
d.  Mutual Mistake of Fact?       _____
e.  Unilateral Mistake of Fact?   _____
f.  Failure of Consideration?     _____
g.  Lack of Capacity?             _____
h.  Breach of Fiduciary
    Relationship?                 _____

Subsequently the judge below refused to enter judgment on the jury verdict and, instead, entered judgment for the appellee on a form drawn by the appellee's attorneys. That judgment was entered July 17, 1990 and read in part as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the determination by the jury that a valid lease was entered into by the parties on January 12, 1988, does not, by itself, present a sufficient basis for any award or judgment by this Court. Since no damages were

sought or proven, Defendant is awarded judgment on Plaintiff's claim for breach of contract.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court makes the following Findings of Fact and Conclusions of Law on the remaining equitable issues:

## FINDINGS OF FACT

1. Plaintiff's obligation to make the acreage immediately producible is a material term of the lease;

2. Paragraph 22 of the lease regarding when the property is to be in production is vague and ambiguous;

3. Due to the vagueness and ambiguity of paragraph 22 of the lease dealing with when the property is to be in production, defendant is precluded from specifically enforcing a material term of the lease. There is therefore no mutuality of obligation and a lack of consideration.

4. Defendant was mistaken about the production term of the lease. This is true whether it was brought about by Plaintiff, by the ambiguity and vagueness of paragraph 22 of the lease or a misinterpretation of what she was told. She thought the property was to be immediately in production during her lifetime.

5. Exhibit C to the lease contains material terms of the lease dealing with areas to be excluded from the leasehold premises and was left to future negotiations between the parties.

6. This agreement was designed so that it would appear to be a valid arms length transaction, when, in fact, it was not negotiated at arms length, and was designed for Plaintiff's benefit to reduce his estate taxes upon Defendant's death. Plaintiff was the person for whom Defendant's attorney was working. Defendant's attorney

testified that he was paid his fees by Plaintiff because the agreement was for Plaintiff's benefit. The circumstances attendant to the creation of this agreement and the purposes for which it was created are not such as to commend it favorably to this Court.

7. Defendant was mistaken about the effect that her death would have upon the requirement that Plaintiff use organic principles of farming to work her property. She thought that Plaintiff would be bound to work the property through the use of organic farming even if Plaintiff inherited the property from her.

8. This lease was intended to be used as an estate planning device.

9. Plaintiff failed to prove that he was a landlord under the lease or pursuant to any other agreement between the parties.

10. Plaintiff has failed to prove that he lacks an adequate legal remedy.

11. It would be impracticable, if not impossible, for this Court to supervise and enforce *all* of the terms of this 45[-]year lease as requested by Plaintiff. The Court will not make orders that are futile or cannot be enforced.

(Emphasis in original.) The court then went on to decree that plaintiff was not entitled to specific performance, not entitled to summary possession, failed to prove there were any material misrepresentations of fact made by the defendant, failed to prove damages and, finally held that even though there was a valid lease, the provisions were not enforceable based upon the findings of fact theretofore stated. Consequently, judgment was granted to the appellee.

The Constitution of the State of Hawaii, article I, section 13, provides:

In suits at common law where the value in controversy shall exceed one thousand dollars, the right of trial by jury shall be preserved.

The Hawaii Rules of Civil Procedure provide as follows:

### Rule 38. JURY TRIAL OF RIGHT.

**(a) Right Preserved.** The right of trial by jury as given by the Constitution or a statute of the State or the United States shall be preserved to the parties inviolate.

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. . . .

### Rule 39. TRIAL BY JURY OR BY THE COURT.

**(a) By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States or the State.

**(b) By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court[.]

**(c) Advisory Jury and Trial by Consent.** In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury. The court, with the consent of the parties, may order

a trial with a jury whose verdict shall have the same effect as if trial by jury had been a matter of right.

**Rule 49. SPECIAL VERDICTS AND INTER-ROGATORIES.**

(a) **Special Verdicts.** The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

The basic question in this appeal is whether the court below erred in entering judgment for the appellee, contrary to the jury verdict. We begin with an analysis of what issues, if any, were triable as of right by a jury.

Appellant's first claim for relief is entitled "Summary Possession." There are numerous reasons why the appellant could not prevail on that issue in this action.

1. Summary possession is an action brought by a landlord against a tenant in possession for the possession of the land in

question. HRS § 666–1. In this case, appellant claimed to be a tenant, not a landlord. Moreover, apparently appellant was in possession of the land in question except for that portion of the land reserved in the lease to the possession of the appellee.

2. Jurisdiction over summary possession actions lies in the district court, not the circuit court. HRS § 666–6.

3. Appellant had no right to a jury trial of a summary possession action. *Lum v. Sun*, 70 Haw. 288, 769 P.2d 1091 (1989).

4. Summary possession only lies where there is or has been an admitted relationship of landlord and tenant. It does not lie where the relationship is in dispute. Thus, we said in *Harrison v. McCandless*, 22 Haw. 129, 130–31 (1914):

> The summary proceeding was provided for the protection of landlords against tenants who have violated some material condition of the lease, or wrongfully withhold possession after expiration of the lease, in order to avoid the delay and expense incident to actions in ejectment. The fact of possession in a summary proceeding is the principal question, incidental to which expiration of the lease or forfeiture thereof may arise, but no question of title can be litigated in such proceeding. [Citation omitted.] The remedy does not apply where the relation of landlord and tenant is denied, but only where it "confessedly existed." [Citations omitted.] We interpret the rule to extend only to cases where the relation of landlord and tenant, as alleged in the plaintiff's declaration, is not denied. Here, the defendant denies the execution of the parol lease alleged by the plaintiff, and asserts possession and the right of possession under a written lease for a term of years executed by E.P. Aikue and Mrs. A. Harrison to Gum Lock, running until December 31, 1916, and assigned to the defendant. This is an assertion of title,

raised a question of title, and ousted the district court of jurisdiction.

The court below was correct in denying appellant a writ of summary possession.

Appellant's claim for specific performance is clearly equitable in nature and not a claim arising at common law. Accordingly, appellant had no right to demand a jury trial of the claim for specific performance under HRCP 38(b) since the right to demand a jury trial is expressly limited to issues triable of right by a jury under that rule.

Moreover, since appellant was in possession of the land, under the lease, there seems no basis for a decree of specific performance since such a decree is normally, in lease situations, used to compel the lessor to give possession of the premises to the lessee.

No jury demand as to the two counts added in the first amended complaint was ever made, so they were not triable by a jury.

The declaratory judgment count stands on a different footing. This count, the answer thereto, and, to some extent, the first counterclaim, all raise questions of whether a lease was in fact intended to be entered into, and whether there was a sufficient meeting of the minds of the parties on all the material terms of the lease to constitute a contract. These are legal issues, historically tried at common law in assumpsit or, in some cases, in covenant.

While it is true that the former HRS § 632-4 dealing with jury trials in declaratory relief actions was repealed by Act 89 of the Sessions Laws of 1972, the reporter's note with respect thereto indicates that it was deleted because jury trial issues were governed by the rules of court. Those rules would be HRCP 38 and 39. Clearly, the issues raised by the complaint for declaratory relief are legal issues, triable of right by a jury, and clearly also the equitable defenses thereto were likewise triable by a jury.

With respect to the counterclaim, its counts also constitute a mixture of legal and equitable issues.

The court below therefore was faced with a situation in which, on both sides there were legal, and equitable claims, and a jury trial had been demanded as to all claims at issue after the reply (which was misnamed an answer) to the counterclaim had been filed. No motion to strike the jury demand as to any claim was ever filed. Moreover, no written or oral stipulation consenting to the trial of some issues without a jury was entered into. Nor did the court make any finding prior to the entry of the judgment that a right of trial by jury of some or all of the issues did not exist under the Constitutions or statutes of the United States or the State. It is apparent from the record that the issues dealt with in the special verdict form were submitted to the jury by consent.

At the close of the appellee's case, appellant moved for a directed verdict. After argument, the court stated:

> The Court having heard the arguments of counsels hereby denies the Motion for Directed Verdict and would reserve all — would reserve decision on questions of law and equity at the time that the questions are submitted to the jury.

At the close of appellant's rebuttal, the appellee moved for a directed verdict and the court stated:

> The Court having heard the arguments of counsel and having heard the testimony, finds that a reasonable jury could find whether or not there was fraud based on the evidence and, therefore, would deny the Motion for Directed Verdict.
>
> On the issue of specific performance, likewise the Court would deny the Motion for Directed Verdict.
>
> On the issue of summary possession the Court would take that matter under advisement and ask counsels to brief the Court on that, whether or not that's a proper

remedy and at this juncture any other legal matters? Mr. Triantos?

In the court's instructions to the jury, the judge stated:

To be valid, a lease requires an offer and acceptance, a valid lease requires mutual assent or a meeting of the minds on all material terms.

To be valid, a lease must be definite and certain as to material terms. The material terms are number 1: Parties; number 2: Rent; number 3: Time and place of performance; and number 4: Subject matter.

To be valid a lease requires adequate consideration contained within the terms of the lease. The consideration necessary to establish a valid lease must be an act, a forebearance, or a return promise bargained for and given in exchange for a promise. There is no consideration for a lease where no benefit is conferred on the lessor nor detriment suffered by the lessee.

Where a lease is complete, and certain with respect to material terms and conditions of a lease and no further negotiations as to other essential matters are contemplated, such a lease is valid.

The court then went on to instruct the jury on mutual mistake, unilateral mistake, duress, confidential or fiduciary relationship, fraud, undue influence, and incompetency.

After instructing the jury, the court submitted the case to the jury on the special verdict form quoted above. The record does not show any objection, by either party, to the special verdict form.

As we have noted above, the jury returned its verdict and subsequently the court below entered a judgment directly to the contrary, stating findings of fact as we have quoted.

Examining the court's findings of fact in the judgment, it appears that findings 1, 2, 3, 5, 8 and parts of 6 were encompassed within the jury finding that there was a valid lease. The court's

findings 4 and 7 with respect to mistake were dealt with by jury's finding 2(e), and parts of finding 6 were also dealt with by jury's findings 2(a), (g) and (h).

Findings 9, 10 and 11 are really not findings of fact but conclusions of law.

There were issues which were triable, as of right, by a jury, and a general demand having been made for a jury trial, the jury's verdict on those issues cannot be set aside unless not supported by the evidence. There were also issues which were not triable, as of right, by a jury, but the appellee made no objection to a jury trial of those issues, and indeed appears, tacitly, to have consented thereto, and the court made no finding that they were not triable by a jury. Under HRCP 39(a), therefore, all claims at issue when the jury demand was made, were triable by a jury and not by the court.

The special verdict form submitted to the jury appears all encompassing of the issues presented in this case. It does not appear to us that there were issues, necessary to a disposition of the case, omitted from the form.

Consequently a declaratory judgment in favor of the appellant should have been entered as prayed. Appellant was not entitled to a writ of summary possession nor to a judgment for specific performance, nor to damages, and appellee's various counterclaims should have been dismissed. The judgment below therefore is vacated and the case is remanded for the entry of a judgment for appellant in accordance with this opinion.

*J. James Sogi* (Cohn & Sogi) for appellant.
*Dennis A. Krueger* (*Robert D. Triantos* with him on the brief; Carlsmith Ball Wichman Murray Case Mukai and Ichiki) for appellee.