**Electronically Filed
Supreme Court
SCWC-30225
08-NOV-2011
09:25 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER
THE POOLING AND SERVICE AGREEMENT RELATING TO IMPAC
SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2007-2, Petitioner/Plaintiff-Appellee,

vs.

WAYNE PEELUA, Respondent/Defendant-Appellant.

NO. SCWC-30225

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30225; DC CIV. NO. 09-1-1872)

November 8, 2011

RECKTENWALD, C.J., NAKAYAMA, ACOBA, DUFFY, AND MCKENNA, JJ.

OPINION OF THE COURT BY ACOBA, J.

We hold that (1) where, in an ejectment proceeding

filed in district court, a defendant seeks to raise a defense to

the court's jurisdiction pursuant to District Court Rules of

Civil Procedure (DCRCP) Rule 12.1,[1] on the ground that the action

---

[1] DCRCP Rule 12.1, entitled "Defense of Title in District Courts,"
provides:

(continued...)

is one in which title to real estate will come into question, the defendant must set forth in the affidavit "the source, nature, and extent of the title claimed by defendant" with sufficient detail or specificity to "fully apprise the court of the nature of" its claim to title of the property in question; (2) additionally, the defendant may include in the affidavit any other particulars that would enable the court to be fully apprised of the defendant's claim; but (3) in the instant case, the affidavit of Respondent/Defendant-Appellant Wayne Peelua (Respondent) neither included specificity or detail regarding the source, nature, and extent of title claimed nor other particulars that would fully apprise the District Court of the Second Circuit, Lahaina Division (the court),[2] of his claim to title; and therefore, his defense failed under DCRCP Rule 12.1 and the court properly exercised its jurisdiction over the ejectment action filed by Petitioner/Plaintiff-Appellee Deutsche Bank National Trust Company.

---

[1](...continued)
> Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added).

[2]     The Honorable Barclay MacDonald presided at the hearing on Respondent's Motion to Dismiss and the Honorable Rhonda Loo presided at trial.

Petitioner filed its application for writ of certiorari[3] on September 2, 2011 (Application).[4]  Petitioner sought review of the June 7, 2011 judgment of the ICA filed pursuant to its May 17, 2011 Summary Disposition Order (SDO),[5] vacating the November 18, 2009 Judgment for Possession filed by the court and remanding the case with instructions to dismiss the case for lack of jurisdiction.

I.

The following essential matters, some verbatim, are from the record and the submissions of the parties.

The instant action arises from an ejectment proceeding involving a dispute as to whether Respondent alleged a cognizable claim to the title of real property located at 4570 Lower Honoapiilani Road in Lahaina, Hawai'i (the Property) that was purchased by Petitioner.  On April 13, 2009, Petitioner, as

---

[3]     Pursuant to Hawai'i Revised Statutes (HRS) § 602-59 (Supp. 2010), a party may appeal the decision and judgment of the intermediate appellate court (the ICA) only by an application to this court for a writ of certiorari. See HRS § 602-59(a).  In determining whether to accept or reject the application for writ of certiorari, this court reviews the ICA decision for:

   (1)   Grave errors of law or of fact; or
   (2)   Obvious inconsistencies in the decision of the [ICA] with that of the supreme court, federal decisions, or its own decision, and the magnitude of those errors or inconsistencies dictating the need for further appeal.

HRS § 602-59(b).  The grant or denial of a petition for certiorari is discretionary with this court.  See HRS § 602-59(a).

[4]     Petitioner brought the instant action as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass-through Certificates, Series 2007-2.

[5]     The SDO was filed by Presiding Judge Daniel R. Foley and Associate Judges Alexa D.M. Fujise and Lisa M. Ginoza.

3

trustee, held a foreclosure auction and purchased the Property for $752,000.00. On April 22, 2009, counsel for Petitioner mailed a written notice to Respondent, who occupied the Property at the time, notifying him that he was to vacate the Property within 10 days. On May 19, 2009, Petitioner recorded a Quitclaim Deed in the Bureau of Conveyances of the State of Hawaiʻi, as Document Number 2009-077170.

On July 14, 2009, Petitioner filed a complaint in the court alleging, inter alia, that the court had jurisdiction over the matter pursuant to HRS § 604-5;[6] Petitioner was the fee simple owner of the Property by virtue of a non-judicial foreclosure sale; Petitioner was entitled to possession of the Property; Petitioner's counsel sent written notice to Respondent on April 22, 2009 to vacate the Property within ten days; Respondent was still in possession of the Property in violation

---

[6]    HRS § 604-5 (Supp. 2009) provides in relevant part as follows:

    (a) Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the . . . value of the property claimed does not exceed $25,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or damages, or the property claim contained in the counterclaim.
    . . . .
    (d) The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question, nor actions for libel, slander, defamation of character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

(Emphases added).

of Petitioner's rights, and Petitioner was entitled to immediate possession of the Property.[7]

On July 30, 2009, Respondent filed an answer to and motion to dismiss Petitioner's complaint. Therein, Respondent alleged that pursuant to DCRCP Rule 12.1 and this court's decision in Kimball v. Lincoln, 72 Haw. 117, 809 P.2d 1130 (1991),[8] the court lacked jurisdiction over the matter because the action was "a real action and one in which title to real estate is involved[,]"[9] and under HRS § 414-432,[10] Petitioner could not maintain the action since it was not registered to

[7]     Petitioner sought the following relief:

A. That Judgment for Possession be entered giving [Petitioner] exclusive possession of the Property.
B. That a Writ of Possession issue forthwith directing the Sheriff or Police Officer to:
    1. Remove [Respondent] from the Property and all persons possessing the Property through [Respondent].
    2. Remove from the Property all personal property; and
    3. Put [Petitioner] in possession of the Property.
C. That [Petitioner] be awarded Court costs, interest, reasonable attorney's fees, and any and all other damages or charges arising out of [Respondent's] unlawful occupancy of the Property and that a monetary Judgment for the total amount awarded be entered against [Respondent] and in the case of more than one [Respondent], Judgment be entered jointly and severally against all [Respondents].
D. Such further and other relief as the Court shall deem just and proper.

[8]     Kimball explained that the district court has no jurisdiction over a summary possession action where the defendant disputes that there was a relationship of landlord and tenant because under those circumstances, title is in question. See 72 Haw. at 125, 809 P.2d at 1134.

[9]     As indicated supra, HRS § 604-5(d) provides that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question."

[10]     HRS § 414-432(a) provides in relevant part that "[a] foreign corporation transacting business in this State without a certificate of authority may not maintain a proceeding in any court in this State until it obtains a certificate of authority."

conduct business in the State of Hawaiʻi.  Attached to the motion

was an affidavit that stated in relevant part as follows:

> 5.    <u>I am the owner of the Property identified in the Complaint filed in this matter</u>.  Because of time constraints, I cannot file a copy of my Deed to the property with this affidavit, but I will furnish a copy of the Deed as soon as I can.
> 6.    The Property identified in the Complaint <u>consists of lands which have been owned by [Respondent's] family for generations, going back to the time of the Great Mahele</u>.
> . . . .
> 8.    The Property has passed down though my family over time, and it was eventually <u>deeded to me by my family</u>.
> . . . .
> 10.    . . . I was defrauded, duped, coerced and tricked into engaging in transaction which involve the Property in the Complaint.

(Emphases added).

On September 28, 2009, Petitioner filed a Memorandum in

Opposition to Respondent's Motion to Dismiss.  Therein,

Petitioner asserted that although Respondent sought dismissal on

the ground that the court lacks "jurisdiction to hear and settle

disputes affecting title to real property[,]" Respondent "failed

to present any credible evidence that would sustain his burden of

proof under Rule 12.1."

Petitioner averred that (1) Respondent's Motion to

Dismiss must be denied unless Respondent swore under oath that he

signed the Note and Mortgage dated January 23, 2007 in favor of

Impac Funding[11] as mortgagee, for the principal sum of

$789,000.00 and "paid all installments as and when they were

---

[11]    It appears from the briefs that Impac Funding is the entity that was in possession of the Property and was responsible for transferring it to Petitioner at the time of the foreclosure sale.

6

due[,]" (2) the Note and Mortgage were only paid through July 1, 2008 and no payments were made after that date, and (3) as a result of Respondent's "material default," Respondent's interest was foreclosed, thereby terminating his interest in the Property.

On November 18, 2009, the court entered Judgment for Possession in favor of Petitioner. The Judgment for Possession ordered, adjudged, and decreed that Petitioner was entitled to possession of the Property and that a writ of possession be issued against Respondent.

Respondent filed his notice of appeal on December 7, 2009.

## II.

On appeal to the ICA, Respondent raised two points of error: (1) the court lacked jurisdiction over the matter by virtue of the provisions of HRS § 604-5(d), and erred in denying Respondent's Motion to Dismiss based upon lack of jurisdiction, and (2) the court erred in allowing Petitioner to maintain its action, contrary to the provisions of HRS § 414-432, inasmuch as Petitioner had not registered with the State of Hawaiʻi to conduct business in this state.[12]

Relevant to Petitioner's Application, the ICA held that, pursuant to HRS § 604-5(d), the court lacked jurisdiction over this matter. Deutsche Bank Nat. Trust Co. v. Peelua, No.

---

[12]    This issue was not raised in any application for writ of certiorari and, therefore, is not addressed herein.

30225, 2011 WL 1909111, at *3 (App. May 17, 2011) (SDO).  In its decision, the ICA concluded that (1) pursuant to HRS § 604-5(d), "'[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[,]'" id. at *1, (2) DCRCP Rule 12.1 requires a defense to the court's jurisdiction be "'asserted by a written answer or written motion . . . accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim[,]'" id. (emphases in original), (3) although the court denied Respondent's Motion to Dismiss because Respondent had not provided a deed or colorable instrument of title, "there is no requirement that a deed or instrument of title be provided to the [court,]" id. at *2 (citing Brown v. Koloa Sugar Co., 12 Haw. 409, 411 (Haw. Terr. 1900), (4) DCRCP Rule 12.1 "requires an affidavit from the defendant stating 'the source, nature and extent of the title claimed' by the defendant" and here, Respondent stated the source of his title was his family and that the Property had been deeded to him[,] id., (5) although "'[t]he source, nature and extent of the title could have been described more precisely[,]'" the "'failure to do so, did not make the affidavit deficient[,]'" id. (quoting Monette v. Benjamin, 52 Haw. 246, 248, 473 P.2d 864, 865 (1970)), (6) Aames

8

Funding Corp. v. Mores, relied upon by Petitioner, is distinguishable because the declaration in Aames "simply asserted in a conclusory fashion that title was at issue" and failed to raise issues "'germane to informing the court as to the source, nature, and extent of the title claimed by the [defendants] as to the land in question[,]'" id. (quoting Aames, 107 Hawaiʻi 95, 99-100, 110 P.3d 1042, 1046-47 (2005)), and (7) the court appears to have considered the quitclaim deed attached to Petitioner's complaint in denying Respondent's Motion to Dismiss and DCRCP Rule 12.1 does not provide for consideration of counter-affidavits or counter-evidence. Id. (citing Monette, 52 Haw. at 250, 473 P.2d at 866).

### III.

Petitioner lists the following questions in its Application:

> A. Whether . . . [the] Affidavit of [Respondent] sufficiently set[s] forth the "source, nature and extent of the title claimed" as required by the [DCRCP].
> B. Whether Petitioner's Quitclaim Deed qualifies as counter-evidence or a counter-affidavit thereby barring its consideration by [the court] under Rule 12.1 of the DCRCP.

### IV.

With respect to Petitioner's first question, HRS § 604-(d) precludes the district courts of this state from exercising jurisdiction in "real actions . . . in which the title to real estate comes in[to] question[.]" Pursuant to DCRCP Rule 12.1, where a defendant seeks to assert, as a defense to the

jurisdiction of a district court, that the action is one in which title to real estate will come into question, the defendant must raise such a defense in a written answer or written motion, and must attach an affidavit thereto.

This court has explained that DCRCP Rule 12.1 is derived from an order to district courts that was issued on March 1, 1895. See Monette, 52 Haw. at 250, 473 P.2d at 865. Monette related that prior to the "issuance of that order, entry of a plea to jurisdiction, without more, ousted a district court of jurisdiction." Id. This court expressed concern that the rule in effect at the time presented an opportunity for abuse. Id. In Coney v. Manele, 4 Haw. 154, 158 (Haw. Kingdom 1879), it was stated that, "[i]f dishonest pleas should be set up by defendants, undoubtedly effectual means will be found to obviate the effects of such dishonesty." Then again, in Ward v. Kamanaoulu, 9 Haw. 619, 621 (Haw. Rep. 1895), this court emphasized that it was "aware of the mischiefs that are likely to occur where reckless or dishonest pleas of this character may be set up, compelling parties in the maintenance of their possession of land to resort to the higher courts for the pursuit of their remedies." The order to the district courts was issued four days after this court's opinion in Ward. See Monette, 52 Haw. at 248, 473 P.2d at 865.

V.

Under the plain language of Rule 12.1, an affidavit

10

that raises a defense to the court's jurisdiction must set forth "the source, nature, and extent of the title claimed by defendant" and "further particulars" sufficient to "fully apprise the court of the nature of defendant's claim." The phrase "further particulars" indicates that the reference to "source, extent, and nature" of the claim are "particulars" of the defense, whose purpose is to "fully apprise" the court of the defendant's claim to title. DCRCP Rule 12.1 (Emphasis added). Although DCRCP Rule 12.1 does not define the term "particulars," that term suggests that the affidavit must include some details or specificity regarding the nature of the defendant's claim. See Merriam Webster's Collegiate Dictionary 847 (10th ed. 1989) (defining "particular," inter alia, as "a specific item or detail of information"; "of, relating to, or concerned with details"; "concerned over or attentive to details").

Thus, the source, nature, and extent of title claimed by the defendant, must be described to the court with some detail and specificity. In addition to particularly describing the source, nature, and extent of title, the defendant may also include in the affidavit any other particulars, the objective being to apprise the court fully of the nature of the defendant's claim. This, in turn, would obviate the risk of dishonest and reckless pleas, as well as other "mischiefs," which the Ward and Coney courts sought to eliminate. See supra.

11

VI.

Monette is instructive as to Petitioner's first question. In that case, the defendants entered a plea to jurisdiction under HRS § 604-5, supported by affidavits. 52 Haw. at 250, 473 P.2d at 864. At issue was whether the affidavits adequately set forth the source, nature, and extent of the title claimed by the defendants. See id. at 250, 473 P.2d at 865.

This court observed that the affidavit of defendant Alice Benjamin had declared that:

> she [was] the daughter of George Kipapa, who died in 1921, and Julia Kipapa, who died in 1945; that in 1922, she, her mother, and her five brothers moved into a house built by her grandfather on his land at Pahoehoe 3 in North Kona, being the land mentioned in the complaint, which her father had inherited from his father; that she lived in the house from 1922 on, first with her mother and brothers, and later with her husband, whom she married in 1932; and that she claimed ownership of the property for herself and her brothers by inheritance from her father, who had inherited the same from his father.

Id. at 248, 473 P.2d at 865.

It was concluded that the "affidavit set forth all of the information called for in the rule." Id. According to Monette:

> A fair reading of the affidavit show[ed] that Alice Benjamin claimed title to the land in question by inheritance from her father, who in turn had inherited from his father, and that the title claimed by her was an undivided one-sixth interest in fee simple, which descended to her by intestate succession from the immediately preceding sole owner.

Id. (emphases added). Hence, the Monette court determined that the affidavit of Alice Benjamin was sufficient under the rule. See id.

12

Aames is also instructive.  In Aames, as in the instant case, Aames Funding Corp. (Aames) acquired title to property following a non-judicial foreclosure sale.  107 Hawaiʻi at 96-97, 110 P.3d at 1043-44.  After the defendants (the Moreses) refused to surrender possession of the property, Aames filed an ejectment action in district court.  Id. at 97, 110 P.3d at 1044.  In response, the Moreses filed a joint declaration objecting to the jurisdiction of the district court pursuant to DCRCP Rule 12.1.  Id.  Therein, the Moreses declared, "'[T]his action involves a dispute as to title to real property'" and "'We claim that we have title to the [p]roperty.'"  Id. at 99, 110 P.3d at 1046 (brackets omitted).

The Moreses subsequently filed a motion to dismiss on the ground that the district court lacked subject matter jurisdiction over the case.[13]  Id.  We determined that the Moreses' declaration did not comport with the requirements of DCRCP Rule 12.1 because it "merely assert[ed] that title was at issue," but "fail[ed] to provide information as to the 'source,' 'nature,' and 'extent' of this claim."  Id.

                              VII.

Similar to the affidavit in Aames, Respondent states only in a vague and conclusory fashion that he owns the Property

---

[13]     This court determined that "the Moreses' declaration and subsequent motion to dismiss together [could] be construed as fulfilling the []DCRCP Rule 12.1 requirement that a defense to title be asserted in a 'written motion' or 'written answer[.]'"  Aames, 107 Hawaiʻi at 99, 110 P.3d at 1046.

13

and that title was deeded to him by his family. In Monette, the defendant's affidavit indicated that she "inherited" the property "from her father, who had inherited the same from his father," who "died in 1921." 52 Haw. at 248, 473 P.2d at 865. By way of comparison, Respondent's affidavit lacks any specificity with respect to the source of title.

As to the nature of his claim, Respondent asserts in his affidavit that he has a deed to the Property. However, Respondent's affidavit does not describe the contents of the deed or the type of deed he acquired. In Monette, because the defendant's affidavit specified that she was claiming the property on behalf of herself and her five brothers, and that the property had been inherited from her father, who had passed away, the court was able to discern that she was claiming an interest "in fee simple" by virtue of "intestate succession." Id. Here, there is no information regarding the nature of the title claimed by Respondent.

Finally, Respondent's affidavit also lacks detail or information regarding the extent of title claimed. In Monette, in addition to asserting in her affidavit that she was claiming ownership in the property for herself and her brothers, the affidavit indicated that she had "five brothers[.]" Id. It could be deduced from the foregoing facts that the defendant was claiming an undivided one-sixth interest in the title to the property. There is no information in Respondent's affidavit from

which the extent of his interest may be reasonably discerned.  As indicated, a defendant may also include in the affidavit "further particulars" to aid in "fully appris[ing] the court of the nature of [his or her] claim."  DCRCP Rule 12.1.

Consequently, to fully apprise the court, a defendant would need to provide some details regarding the basis for the title.  This application of DCRCP Rule 12.1 is supported by cases construing the rule.  See Monette, 52 Haw. at 249, 473 P.2d at 865 (noting that the following language applied to the case: "'The affidavits . . . while very clumsily worded, . . . <u>put in issue the title to the land involved</u> and the district magistrate was thereby apprised of defendant's claim of title[.]'"  (Quoting <u>Yanagi v. Oka</u>, 24 Haw. 176, 180 (Haw. Terr. 1918) (ellipsis in original)); <u>see also Harrison v. McCandless</u>, 22 Haw. 129, 131 (Haw. Terr. 1914) (concluding that "[t]he plea to the jurisdiction of the court, supported by the proper affidavit, <u>raised a question of title</u>") (emphasis added).

Respondent did reference having been "defrauded, duped, coerced, and tricked" into engaging in transactions involving the Property, but without further detail, it cannot be ascertained how or whether the allegation has any bearing on title to the Property.  Respondent's bare assertion that he owned the Property was insufficient to establish that he continued to maintain a claim to title at the time the action against him had been filed.  See <u>Jellings v. Kaihe</u>, 30 Haw. 160, 163 (Haw. Terr. 1927)

(explaining that, if the agreement of sale had been rescinded by consent of the parties and no longer in force, no claim of interest or title to the property could be predicated upon it and therefore, it was incumbent upon the defendants challenging the court's jurisdiction "to show affirmatively by their affidavit that their claim of title was based on a contract that was still in force and effect").[14]

As elucidated by the foregoing, Respondent's affidavit was similar to the affidavit submitted in Aames, which this court deemed insufficient.  Unlike the affidavit submitted by the defendant in Monette, Respondent failed to provide any detail or specificity regarding the source, nature, or extent of title claimed, or any other particulars regarding his claim.  As such, the affidavit did not fully apprise the court of the nature of Respondent's claim of title to the Property.  Accordingly, the ICA erred in distinguishing Aames and concluding that Respondent's affidavit was similar to the one presented in Monette and, therefore, sufficient.  See Deutsche Bank, 2011 WL 1909111, at *2.

## VIII.

Proceeding to Petitioner's second question, the ICA

---

[14]     In Monette, 52 Haw. at 249, 473 P.2d at 866, this court noted that the requirement set forth in Jellings, that a defendant must have stated that the agreement was in force when the plea to jurisdiction was entered, "appears to have gone beyond the plain meaning of the rule[.]"  However, because a defendant must establish that title is in question, it would seem apparent that the defendant would need to identify an interest in the property at the time a defense under DCRCP Rule 12.1 is raised.

relied on <u>Monette</u> in concluding that the court could not consider Petitioner's quitclaim deed in this case. <u>Monette</u> explained that the rule does not provide for the filing of counter-affidavits and the consideration of a counter-affidavit would be, in effect, a ruling on the question of title. 52 Haw. at 249, 473 P.2d at 866. But, as Petitioner urges, <u>Monette</u> is distinguishable.

In that case, one of the plaintiffs "filed a counter-affidavit <u>in reply</u> to the affidavits submitted by [the] defendants." <u>Id.</u> (emphasis added). Once a defendant establishes that title is in question, a court cannot consider evidence or arguments in rebuttal of the defendant's claim to title, or evidence in support of the plaintiff's claim to a superior basis of title because that would be for the circuit court to decide. Such arguments and evidence would plainly place title in issue and divest the district court of jurisdiction. <u>Id.</u>

In contrast to <u>Monette</u>, Petitioner's quitclaim deed was not submitted to the court in "reply to" or to rebut Respondent's affidavit but, rather, was attached to its complaint. This was not a response to the question of title raised by Respondent. Petitioner was required to plead entitlement to possession of the Property and could appropriately attach a copy of its quitclaim deed in support of its claimed ownership. <u>Cf.</u> <u>Fang Hing v. O. Yamaoka</u>, 31 Haw. 436, (Haw. Terr. 1930) (stating that it is well established "that in ejectment a plaintiff must recover upon

17

strength of his own title and not upon any weakness in the defendant's title").

Although Petitioner did not submit the quitclaim deed as counter-evidence in this case, the court appears to have considered it in ruling on Respondent's motion to dismiss. But, notwithstanding the court's error in that regard, Respondent's motion was properly denied inasmuch as Respondent's affidavit did not comport with the requirements of DCRCP Rule 12.1, as discussed.

IX.

In order to raise a jurisdiction defense to Petitioner's complaint, Respondent needed to establish that title was in question, by way of an affidavit under DCRCP Rule 12.1. Because Respondent's affidavit did not set forth the source, nature, and extent of title with particularity, and no other particulars were set forth so as to apprise the court fully of the nature of his claim, Respondent failed to establish that title was in question in this case.

X.

In light of the foregoing (1) Respondent's affidavit did not meet the requirements of Rule 12.1, and therefore, the court had jurisdiction over Petitioner's ejectment action, and (2) the quitclaim deed attached to Petitioner's complaint was not counter-evidence. Therefore, the June 7, 2011 judgment of the ICA filed pursuant to its May 17, 2011 SDO is vacated and the

18

November 18, 2009 Judgment for Possession filed by the court is

affirmed.


Charles R. Prather,                    /s/ Mark E. Recktenwald
and Peter K. Keegan
(RCO HAWAII, LLLC)                     /s/ Paula A. Nakayama
for petitioner/
plaintiff-appellee.                    /s/ Simeon R. Acoba, Jr.

James Richard McCarty,                 /s/ James E. Duffy, Jr.
for respondent/defendant-
appellant.                             /s/ Sabrina S. McKenna

