**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000348**
**23-FEB-2022**
**08:13 AM**
**Dkt. 81 SO**

NO. CAAP-17-0000348

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KAUIONĀLANI P.A. MAUKELE, Plaintiff-Appellee, v.
ELIZA K. MAUKELE, SCOTT K. MAUKELE,
MICHELLE AND THERON KAKAE AND FAMILY,
CHELSEA KAKAE, BOYFRIEND AND CHILDREN;
TRAVIS KAKAE, MELISSA CORREA AND FAMILY,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAUPOKO DIVISION
(CASE NO. 1RC16-1-07395)

SUMMARY DISPOSITION ORDER
(By: Leonard and McCullen, JJ., with
Ginoza, Chief Judge, concurring separately)

Defendants-Appellants Eliza K. Maukele, et al.,[1]

**(Eliza)** appeal from the District Court of the First Circuit's

**(District Court)** January 11, 2018 Order Denying Defendants'

Motion for Relief from Judgment and Writ.[2]  Eliza's appeal arises

from Plaintiff-Appellee Kauionālani P.A. Maukele's **(Kauionālani)**

Complaint (Assumpsit, Summary Possession/Landlord-Tenant,

Damages); Declaration; Exhibit(s); Summons **(Complaint)**, which

---

[1]  The Complaint also names Scott K. Maukele; Michelle and Theron Kakae and Family; Chelsea Kakae, Boyfriend and Children; Travis Kakae; Melissa Correa and Family as defendants.

[2]  The Honorable Ronald Albu presided.  The Honorable Hilary B. Gangnes, signed the order for Judge Albu.

sought a writ of possession for Hawaiian home lands Lease No. 2817, Lot No. 79-A in Waimānalo, Oʻahu **(Lease)**.

Kauionālani's brother, Joseph M. Maukele **(Joseph)**, was the lessee until his death on November 17, 2014. Following his death, the Department of Hawaiian Home Lands **(DHHL)** transferred the Lease to Kauionālani, as Joseph's designated successor, on September 28, 2016.

About a month later, Kauionālani filed the Complaint indicating that she provided written notice to all families that she was the successor to the DHHL Lease for Lot 79-A and requested Eliza, Joseph's widow, be removed from the premises. Attached to the Complaint was a copy of that notice, which also stated that Kauionālani knows Eliza "went before the Board of Commissioners in July, to tell them of [Eliza's] interest in the land as the wife of Joseph."

With both parties appearing pro se, and no written answer to the Complaint, trial commenced on November 25, 2016. According to the court minutes, Kauionālani, Eliza, and one other witness testified, and Kauionālani's exhibits were received into evidence. Kauionālani's exhibits included the document designating Kauionālani as Joseph's successor, dated May 13, 1974, and the DHHL transfer of the Lease from Joseph to Kauionālani through designated successorship.

The court minutes then show that after Eliza's testimony, "Recess [was] had and court settlement discussions with both parties. Agreement reached. By stipulation, and granted by order of the court, judgment for and writ of possession to issue effective 02/28/17[.]" (Formatting altered.)

2

The District Court entered a Judgement for Possession in favor of Kauionālani because she was "entitled to possession of the premises . . . ." The District Court also issued a Writ of Possession ordering removal of Eliza.

Eliza, represented by counsel, moved for relief from the judgment and writ pursuant to District Court Rules of Civil Procedure **(DCRCP)** Rule 60(b)(4). In her motion, Eliza denied that she agreed to any settlement and claimed title to the home on the property that she argued should be probated. Eliza proffered that the District Court lacked jurisdiction because this case involved an issue of title to real property, and attached a declaration. The District Court denied her motion. On appeal, Eliza contends the Complaint failed to state a claim and the District Court lacked subject matter jurisdiction to issue the Judgment of Possession and Writ of Possession.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Eliza's point of error as follows.

DCRCP Rule 60(b)(4) allows the court to provide relief from a judgment or order if the judgment is void, and a judgment is void if the court lacked jurisdiction over the subject matter. Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 11-12, 200 P.3d 370, 380-81 (2008). A denial of a DCRCP Rule 60(b)(4) motion and a question of jurisdiction is reviewed de novo. See Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 194, 268 P.3d 443, 447 (App. 2011) (applying de novo review to the denial of a Hawaiʻi Rules of Civil Procedure Rule 60(b)(4) motion and a

3

question of jurisdiction); see also Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011) (applying de novo review to the denial of a Hawaiʻi Family Court Rules Rule 60(b)(4) motion).

Eliza first contends that the Complaint failed to state a claim for relief because it did not precisely plead an action for ejectment. However, a "fundamental tenet of Hawaiʻi law is that pleadings prepared by pro se litigants should be interpreted liberally." Waltrip v. TS Enters., Inc., 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016) (cleaned up); Villaver v. Sylva, 145 Hawaiʻi 29, 36, 445 P.3d 701, 708 (2019). Although there was a defect as to form, the Complaint filed by Kauionālani, pro se, may be liberally interpreted as an action for ejectment.

Eliza then contends that even if the Complaint is interpreted as an ejectment action, the home's value exceeded the amount over which the District Court may exercise jurisdiction. Hawaii Revised Statutes (**HRS**) § 604-5 (2016) provides in relevant part that "[e]xcept as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $40,000[.]" But, "[n]othing in section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings where the title to real estate does not come in question at the trial of the action." HRS § 604-6 (2016). In other words, the $40,000 limitation does not preclude the District Court from adjudicating an ejectment action if the property's title is not at issue.

4

Eliza, thus, argues that the home's title was at issue because "there should be a probate to determine ownership of the improvements," and so the District Court did not have jurisdiction over this action. To comply with HRS § 604-6, Eliza was required to raise a question as to the title of the real estate at trial. Although Eliza, pro se, testified at trial, it appears that the trial ended abruptly with a settlement agreement. To the extent a trial occurred, we cannot discern from the record whether Eliza raised a question as to title at trial because the record on appeal does not contain any transcripts. State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000) (explaining that "[w]ithout the relevant transcript, there is insufficient evidence to review the alleged error, and [the appellant] carries the burden of demonstrating the alleged error in the record") (emphasis omitted).

Also, when raising a defense based on a question to title under HRS § 604-6, the defendant must file a written answer or motion with an affidavit setting forth the source, nature, and extent of title claimed:

> Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

DCRCP Rule 12.1 (emphases added); Hawaiʻi Rules of District Court Rule 7(g) (providing a declaration may be made in lieu of an affidavit).

5

Thus, to comply with DCRCP Rule 12.1, Eliza was required to assert her defense that there was a question of title in a written answer or motion with an affidavit setting forth the source, nature, and extent of her claim to title. Eliza, pro se, failed to file any written answer or motion prior to or at trial.

Eliza, represented by counsel, filed a motion for relief from the judgment of possession, pursuant to DCRCP Rule 60(b)(4), arguing that the District Court lacked jurisdiction and claiming that she set forth the nature of her claim to title in her attached declaration. In reviewing whether the District Court properly denied Eliza's motion for relief, we examine Eliza's declaration to determine if she set forth the source, nature, and extent of her claim so as to fully apprise the District Court of the nature of her claim. See Curtis v. Bd. of Appeals, Cnty. of Hawaiʻi, 90 Hawaiʻi 384, 393, 978 P.2d 822, 831 (1999) (Subject matter jurisdiction cannot be waived and may be challenged at any time.).

Claims to title cannot be asserted in a conclusory fashion; the source, nature, and extent of title must be described with "detail and specificity." Deutsche Bank Nat'l Tr. Co. v. Peelua, 126 Hawaiʻi 32, 37, 265 P.3d 1128, 1133 (2011). Case law in this jurisdiction provides guidance regarding detail and specificity.

In Monette v. Benjamin, 52 Haw. 246, 248, 473 P.2d 864, 865 (1970), the defendant's affidavit stated that her grandfather built the home on "his land," which her father "inherited." The defendant claimed ownership of the property for herself and her five brothers by "inheritance from her father, who had inherited

6

the same from his father." Id. The Hawaiʻi Supreme Court observed that the defendant "claimed title to the land in question by inheritance from her father, who in turn had inherited from his father, and that the title claimed by her was an undivided one-sixth interest in fee simple, which descended to her by intestate succession from the immediately preceding sole owner." Id. The Court held that the defendant's affidavit contained sufficient information to show that the title to the property was in dispute. Id. at 248–50, 473 P.2d at 865.

Conversely, in Peelua, the Hawaiʻi Supreme Court held that the defendant's affidavit failed to show that title was in dispute because it did not include information as to the source, nature, and extent of the title claimed. Peelua, 126 Hawaiʻi at 38–39, 265 P.3d at 1134–35. The defendant's affidavit stated that he was the "owner of the Property," which was previously owned by his "family for generations," which was eventually deeded to him. Id. at 35, 265 P.3d at 1131. The Court explained that the defendant's affidavit lacked any specificity concerning the source of title because it stated in a "vague and conclusory fashion that he owns the Property and that title was deeded to him by his family." Id. at 38, 265 P.3d at 1134.

Particularly, the defendant failed to state the nature of his claim because the affidavit did not describe the contents of the deed or the type of deed he acquired. Id. The Court explained that, unlike the affidavit in Monette, the defendant "failed to provide any detail or specificity regarding the source, nature, or extent of title claimed, or any other particulars regarding his claim." Id. at 38–39, 265 P.3d at

7

1134–35.  The defendant's "bare assertion that he owned the Property was insufficient to establish that he continued to maintain a claim to title at the time the action against him had been filed."  Id. at 38, 265 at 1134.

Here, as in Peelua, Eliza's declaration fails to establish that she had a claim to title at the time the Complaint was filed.  Eliza declared:

> 4. I am the widow of Joseph Maukele, deceased, from whom plaintiff claims to be the owner of the Hawaiian Homestead.
>
> 5. In 1977, my late husband Joseph Maukele and I built a residence on the leasehold.
>
> 6. The cost of the residence at the time was about $70,000.
>
> 7. We took a mortgage and paid on it over the years.
>
> 8. At the time my husband died, we owed about $8,000 on the mortgage.
>
> . . . .
>
> 10. There has been no probate of the estate of my deceased husband, Joseph.

Like the affidavit in Peelua, Eliza's declaration contained no information about the contents or terms of Joseph's Lease or the mortgage, or how the mortgage was the source of her claim to title.  Moreover, Eliza's declaration did not assert that the house or Lease was part of Joseph's estate subject to intestate succession.  Nor did it state she inherited the property or was successor to the Lease.  Finally, Eliza's declaration merely alleged that she and Joseph owed $8,000.00 on the mortgage at the time of his death, from which no deduction of the extent of her interest can be made.

In summary, Eliza's declaration "failed to provide any detail or specificity regarding the source, nature, [and] extent of title claimed . . . ."  Peelua, 126 Hawaiʻi at 38–39, 265 P.3d at 1134–35.  Without apprising the District Court of the source,

8

nature, and extent of her claim to title at the time the Complaint was filed, Eliza failed to show there was a question as to title. The District Court, thus, had jurisdiction over this action, and properly denied Eliza's DCRCP Rule 60(b)(4) motion for relief.

Therefore, we affirm the Order Denying Defendants' Motion for Relief from Judgment and Writ entered January 11, 2018, in the District Court of the First Circuit.

The appellate clerk shall serve this summary disposition order on Eliza, through attorney Eric Lee Niemeyer at his address listed at the Hawaii State Bar Association.[3]

DATED: Honolulu, Hawaiʻi, February 23, 2022.

| On the briefs: | /s/ Katherine G. Leonard |
| | Associate Judge |
| Walter R. Schoettle | |
| Emmett E. Lee Loy, | /s/ Sonja M.P. McCullen |
| for Defendants-Appellants. | Associate Judge |

Kauionālani P.A. Maukele,
Plaintiff-Appellee, pro se.

---

[3] On January 20, 2022, Eric Lee Niemeyer was appointed trustee over the legal practice of deceased attorney Walter R. Schoettle.

CONCURRING OPINION BY GINOZA, CHIEF JUDGE

I agree with the majority that the District Court of the First Circuit (**District Court**) properly exercised jurisdiction in this case, but I reach this conclusion on different grounds. In my view, we need not address whether Defendant-Appellant Eliza K. Maukele (**Eliza**) submitted a declaration that sufficiently set forth the source, nature and extent of the title that she claims, see District Court Rules of Civil Procedure (**DCRCP**) Rule 12.1,[4] because the record indicates she submitted her declaration and raised the issue of her purported title after trial had been completed. In these circumstances, HRS § 604-6 (2016) establishes that the District Court was not precluded from taking jurisdiction in this ejectment action.

Plaintiff-Appellee Kauionalani P.A. Maukele (**Plaintiff Kauionalani**) brought this action to eject Eliza from the subject property. On November 25, 2016, trial was held. On March 1, 2017, the District Court entered a Judgment For Possession and a Writ of Possession in favor of Plaintiff Kauionalani. Thereafter, on March 14, 2017, Eliza filed a Motion for Relief from Judgment and Writ (**Motion for Relief**) which sought relief under DCRCP Rule 60(b)(4) and challenged for the first time the District Court's subject matter jurisdiction, citing HRS § 604-6.

---

[4]  DCRCP Rule 12.1 provides:

> **Rule 12.1. Defense of Title in District Courts**
> **Pleadings**. Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an <u>affidavit of the defendant, setting forth the source, nature and extent of the title claimed</u> by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added.)

The District Court's civil jurisdiction is generally set forth in § 604-5 (2016),[5] which provides in subsection (d) as follows:

**§604-5  Civil jurisdiction.**

. . . .

(d) The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question, nor actions for libel, slander, defamation of character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

(Emphasis added.)  However, HRS § 604-6 must also be considered, which specifically addresses ejectment proceedings and states: "Nothing in section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings **where the title to real estate does not come in question at the trial of the action**." (Emphases added.)

Eliza does not assert, in her Motion for Relief or on appeal, that the issue of title to real estate came into question at the trial.  Further, the record does not indicate an issue about title being raised at trial, nor are there any transcripts from the trial.

Instead, based on our record, Eliza first raised the issue of her title in her Motion for Relief under DCRCP Rule 60(b)(4), after trial was completed and after judgment was entered.  Under HRS § 604-6, because Eliza failed to raise the issue of title at the trial in this case,[6] her subsequent Motion for Relief was properly denied on these grounds.  In my view,

---

[5]  The jurisdiction of state district courts originates from the Hawaiʻi Constitution and is defined by statute.  See Schwartz v. State, 136 Hawaiʻi 258, 263, 361 P.3d 1161, 1166 (2015).  Article VI, section 1 of the Hawaiʻi Constitution provides:

The judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish. The several courts shall have original and appellate jurisdiction as provided by law . . . .

(Emphasis added.)

[6]  Eliza could have also raised the issue of title in a motion to dismiss prior to trial.  See Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawaiʻi 32, 34-35, 265 P.3d 1128, 1130-31 (2011); DCRCP Rule 12.1.

11

therefore, we need not reach the issue of whether Eliza's declaration, filed in support of her Motion for Relief, sufficiently described the source, nature and extent of the title that she claims, under DCRCP Rule 12.1.  Even if it did, Eliza submitted her declaration and raised the issue of title after trial.

HRS §§ 604-5 and 604-6 delineate the pertinent boundaries of the District Court's subject matter jurisdiction for purposes of this case.  Under HRS § 604-5, the District Court generally does not have jurisdiction where a party sufficiently raises an issue of title to real estate.  See also DCRCP Rule 12.1.  However, under HRS § 604-6, a District Court is not precluded "from taking jurisdiction in ejectment proceedings where the title to real estate does not come in question at the trial of the action." (Emphasis added.)

Therefore, I concur in affirming the District Court's order denying Eliza's Motion For Relief from the Judgment for Possession and the Writ of Possession, but for the reasons set forth above.

/s/ Lisa M. Ginoza
Chief Judge

12