**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000154**
**27-JUN-2024**
**07:53 AM**
**Dkt. 67 SO**

NO. CAAP-20-0000154

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEPARTMENT OF HAWAIIAN HOME LANDS, STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
JULIANA K.L.O. MONTALVO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2DRC-19-0000070)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This is an appeal from an ejectment case arising out of the cancellation of a residential lease for nonpayment.

Defendant-Appellant Juliana K.L.O. Montalvo (**Montalvo**) appeals from the (1) December 23, 2019 "Judgment for Possession"; and (2) March 11, 2020 "Order Denying Defendant's Motion for Reconsideration, Filed January 2, 2020" (**Order**

**Denying Reconsideration**),[1] both filed and entered by the District Court of the Second Circuit (**District Court**).[2]

On appeal, Montalvo contends that the District Court erred by: (1) granting summary judgment in favor of Plaintiff-Appellee Department of Hawaiian Homelands, State of Hawai'i (**DHHL**) and denying Montalvo's motion for reconsideration "because it did not have subject matter jurisdiction to rule on issues involving title to Montalvo's property and to consider Montalvo's equitable arguments"; (2) granting summary judgment in favor of DHHL "because Montalvo raised serious due process violations with regard to DHHL's claim that Montalvo's lease had been cancelled"; and (3) granting summary judgment "because Montalvo presented material issues of fact with regard to her ability to cure any default."[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Montalvo's points of error as follows, and affirm.

On April 8, 2005, Montalvo's mother entered into a ninety-nine-year-term residential lease (**Lease**) with DHHL for a property located on the island of Maui, Hawai'i (**Property**). Montalvo's mother assigned her interest in the Lease to

---

[1] Montalvo does not present any argument challenging the Order Denying Reconsideration, and such challenge is waived. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

[2] The Honorable Kirstin M. Hamman presided.

[3] The points of error (**POEs**) in the Opening Brief do not comply with HRAP Rule 28(b)(4)(ii) and (iii) because they do not specifically identify page numbers showing where each alleged error occurred and how the alleged error was brought to the attention of the District Court. The record references in the POEs section only provide docket numbers representing Montalvo's filings below without including a "description of the document referenced, . . . and electronic page citations within the document." HRAP Rule 28(b)(3) (emphasis added).

Montalvo.  Pursuant to the assignment, Montalvo obtained a mortgage loan from First Magnus Financial Corporation in the amount of $175,676.00; in May of 2009, however, Montalvo became delinquent in her loan payments.

On July 16, 2009, DHHL's Hawaiian Homes Commission (**Commission**) held a contested case hearing to determine whether Montalvo was delinquent on her loan payments.  After the hearing, Montalvo entered into a stipulated agreement with DHHL, acknowledging Montalvo was "delinquent in the amount of $29,030.64 as of May 15, 2009"; Montalvo would make monthly payments of $1,167.00 to DHHL; and if Montalvo failed to pay, Montalvo would have sixty days to cure any delinquency and/or transfer the lease to another qualified Hawaiian.  The Commission filed its November 16, 2009 Findings of Fact (**FOFs**), Conclusions of Law (**COLs**) and Decision and Order (**2009 Order**) that contained the same terms.

On May 25, 2011, the Commission held a hearing regarding Montalvo's non-compliance with the 2009 Order. Montalvo was not present, but submitted written testimony.  The Commission filed its June 28, 2011 FOFs, COLs and Final Decision and Order (**2011 Order**), in which it ordered the Lease "immediately cancelled"; that Montalvo pay "[a]ll principal and accrued interest due and owing" on the mortgage loan; and that Montalvo and her family "vacate the premises."

Montalvo subsequently sent a letter to DHHL requesting a "loan modification," so that she could "consistently make payments on time and avoid a foreclosure."  Following October 18 and 23, 2012 hearings, DHHL denied the request, and filed its November 29, 2012 Order Denying Request for Reconsideration and Affirming June 28, 2011 FOFs, COLs and Final Decision and Order (**2012 Order Denying Reconsideration**).  The 2012 Order Denying

Reconsideration provided that Montalvo had thirty days after service of a certified copy of the order to appeal.

Montalvo never appealed the 2012 Order Denying Reconsideration.

Approximately seven years later, on October 10, 2019, DHHL filed an ejectment complaint in the District Court to remove Montalvo and her family from the Property, and for a judgment and writ of possession. The Complaint alleged that a "certified copy of the 2012 Order [Denying Reconsideration] was sent to [Montalvo] on December 4, 2012[,]" which cancelled the Lease.

On November 13, 2019, DHHL filed a Motion for Summary Judgment (**MSJ**), arguing that the Lease was cancelled pursuant to the 2012 Order Denying Reconsideration; Montalvo never appealed the 2012 Order Denying Reconsideration, which made it final; and that any argument by Montalvo contesting the 2012 Order Denying Reconsideration was a prohibited collateral attack.[4]

On November 29, 2019, Montalvo filed an opposition to the MSJ (**MSJ Opposition**), arguing that she had the right to cure and was able to cure the default, but that DHHL would not allow her to do so. Montalvo's MSJ Opposition acknowledged, and did not challenge, that the Lease was cancelled, and also conceded that she did not appeal.[5] The MSJ Opposition focused on

---

[4]    The following relevant exhibits were attached to the MSJ:  a declaration of DHHL enforcement officer, Kip Akana; the Lease; assignment of the Lease; the 2009 stipulated agreement between DHHL and Montalvo; 2009 Order; 2011 Order; the 2012 Order Denying Reconsideration; and a certificate of service for the 2012 Order Denying Reconsideration.

[5]    The MSJ Opposition stated in its "Factual Background" section that:

> On May 25, 2011, the Commission conducted a hearing at its Kauai District Office on [DHHL]'s request for an order cancelling the Lease.  On June 28, 2011 Commission [sic] ordered Mrs. Montalvo's interest in the Property forfeited, Lease [sic] immediately cancelled, and vacation of the Property within sixty (60) days of service ("Final Order").

Montalvo's right to cure, framing the right as "her current, existing right, *today*, to cure the default and remain in possession and tenancy under the Lease"; asserting that the "right to cure is found in the mortgage, in statutory and common law, in equity and in trust law"; and presenting arguments that set forth each of these legal grounds for Montalvo's right to cure.[6]

At the December 9, 2019 hearing on the MSJ, the District Court granted the MSJ, ruling the 2011 Order "terminate[d] . . . [Montalvo]'s interest in the [P]roperty" and "revested that interest" to DHHL; Montalvo did not appeal the 2012 Order Denying Reconsideration that followed, which was a "final decision."

On December 23, 2019, the District Court filed its Order Granting DHHL's MSJ and the Judgment for Possession.

On January 2, 2020, Montalvo filed a Motion for Reconsideration. Montalvo argued that she never received a copy of the 2012 Order Denying Reconsideration; that the time to file an appeal of the 2012 Order Denying Reconsideration did not start to run; and that she did not receive a copy of the order

---

Following a hearing on October 23, 2012, Mrs. Montalvo's request for reconsideration of the Final Order was denied. No appeal was taken.

The Opposition also acknowledged: "To be sure, Mrs. Montalvo does not dispute that there was a lease, that there was a default, that the Commission took action and that no appeal was filed."

[6] Montalvo specifically argued that: she "retain[ed] rights under the lease as a holdover tenant"; "retain[ed] a right to reinstate the mortgage"; DHHL as trustee "should respect the right to cure" by Montalvo who is a "beneficiary" of the Hawaiian Homes Commission Act of 1920 with "a beneficial interest in the Property"; ejecting Montalvo "would be inequitable and would work a forfeiture" and "equity abhors forfeiture"; and the District Court should order the parties to mediation.

until 2016.[7]  On March 11, 2020, the District Court filed its Order Denying Reconsideration.  Montalvo timely appealed.

**(1)**  Montalvo argues the District Court lacked subject matter jurisdiction because the ejectment action involved "title to the Property" (**title-based challenge**), and the District Court lacked "equitable powers" to consider Montalvo's "equitable arguments" (**equity-based challenge**).[8]

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard."  Lingle, 107 Hawaiʻi at 182-83, 111 P.3d at 591-92 (citation omitted).

As for Montalvo's title-based challenge to jurisdiction, DHHL responds that Montalvo did "not comply with court rules" such as Hawaiʻi District Court Rules of Civil Procedure (**HDCRCP**) Rule 12.1,[9] which specifically prescribes how a title-based defense must be raised.  This argument is persuasive.

---

[7]  None of these arguments were raised in Montalvo's MSJ Opposition.

[8]  Although Montalvo's arguments regarding subject matter jurisdiction are argued for the first time on appeal, "[q]uestions regarding subject matter jurisdiction may be raised at any stage of a cause of action." Lingle v. Hawaii Government Employees Ass'n, AFSCME, Local 152 AFL-CIO, 107 Hawaiʻi 178, 182-83, 111 P.3d 587 591-92 (2005) (citation omitted). Accordingly, we address them.

[9]  HDCRCP Rule 12.1, entitled "Defense of Title in District Courts," states:

> **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphases added.)

Under HRS § 604-5, the District Court generally does not have jurisdiction over "actions in which the title to real estate comes in question[.]"  HRS § 604-5(d) (2016).  HDCRCP Rule 12.1 requires a defendant challenging title to submit a written answer or motion and an affidavit or declaration by the defendant asserting "the source, nature and extent of the title claimed."  Montalvo did not comply with these requirements.  Her title-based challenge to jurisdiction lacks merit.  See Deutsche Bank Nat'l Tr. Co. v. Peelua, 126 Hawai'i 32, 39, 265 P.3d 1128, 1135 (2011) (holding that because respondent did not "establish that title was in question, by way of an affidavit under [H]DCRCP Rule 12.1[,]" and "no other particulars were set forth so as to apprise the court fully of the nature of his claim," respondent "failed to establish that title was in question"); Aames Funding Corp. v. Mores, 107 Hawai'i 95, 99-100, 110 P.3d 1042, 1046-47 (2005) (determining that because appellant did not comply with Rule 12.1 requirements, appellant failed to raise a lack of subject matter-jurisdiction defense).

Montalvo's equity-based challenge to jurisdiction also lacks merit.

> In *Lum v. Sun*, 70 Haw. 288, 769 P.2d 1091 (1989), the Hawaii Supreme Court held that the district court has the exclusive jurisdiction to adjudicate the summary possession claim and that when a timely demand for a jury trial is made pertaining to other claims, counterclaims, and legal and equity issues, those matters should be transferred to the circuit court for trial by jury. Thus, it follows that if Defendants wanted their equity issues adjudicated, it was their burden to initiate appropriate proceedings in the circuit court.

4000 Old Pali Rd. Partners v. Lone Star of Kauai, Inc., 10 Haw. App. 162, 189, 862 P.2d 282, 294 (1993).

Here, Montalvo's MSJ Opposition argued that ejecting Montalvo "would be inequitable and would work a forfeiture[,]" and that "equity abhors forfeiture."  The record reflects no

jurisdictional challenge when Montalvo raised this "equity" argument to the District Court; nor did Montalvo timely demand a jury trial or request transfer to a circuit court, consistent with her burden to do so as a defendant who "wanted their equity issues adjudicated[.]"  Id.

We conclude the District Court had jurisdiction in this case.  See Lingle, 107 Hawaiʻi at 182-83, 111 P.3d at 591-92.

**(2)**  Montalvo argues that summary judgment should not have been granted because of various "serious due process violations," which include:  Montalvo was denied the opportunity to be heard at a meaningful time and in a meaningful manner when the Commission held the 2011 contested case hearing "on Kauai and not Maui"; Montalvo "never received notice of the [2012 Order Denying Reconsideration] so that she could appeal"; and Montalvo "raised questions of fact sufficient to deny summary judgment."  These arguments are waived.

Montalvo's due process arguments regarding the location of the 2011 hearing and the notice of the 2012 Order Denying Reconsideration were not raised in the MSJ Opposition, and they are waived.  See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007).  Montalvo's argument that "there is a question of fact as to whether Montalvo's lease had in fact been cancelled"  was also not raised in her MSJ Opposition and is waived.  See id.  This argument is also inconsistent with her acknowledgment in the opposition that the "Lease [was] immediately cancelled" in the 2011 Order.

**(3)** Montalvo argues that her "ability to cure her default raised questions of fact sufficient to deny summary judgment."  This argument lacks merit.

In an ejectment action, a plaintiff must prove two elements:  (1) that plaintiff owns the parcel in issue and (2)

that possession is unlawfully withheld by another.  Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2015).  For summary judgment purposes, "[a] fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000) (cleaned up).

Here, the record of the 2012 Order Denying Reconsideration reflects that Montalvo's loan was still "delinquent" as of the October 23, 2012 hearing on the reconsideration; and the order reiterated what was previously set forth in the 2011 Order, that:  Montalvo's "interest in the premises demised under the Lease . . . is forfeited"; "[t]he Lease is immediately cancelled"; Montalvo's "right . . . to use and occupy the premises demised under the Lease is terminated, the interest in the premises is revested in [DHHL]"; and Montalvo "vacate the premises."  (Cleaned up.)  Thus, there were no material facts in dispute for the ejectment claim, where DHHL adduced evidence of its ownership of the Property, and that Montalvo's possession of the Property was unlawful.  See Kondaur, 136 Hawaiʻi at 241, 361 P.3d at 468.  Montalvo's ability to cure her default was not a material fact that would prove or disprove either of these ejectment elements.  See Haw. Cmty Fed. Credit Union, 94 Hawaiʻi at 221, 11 P.3d at 9.

We conclude the District Court did not err by granting summary judgment on DHHL's ejectment claim.  See Thomas v. Kidani, 126 Hawaiʻi 125, 127-28, 267 P.3d 1230, 1232-33 (2011) (reviewing grant of summary judgment de novo).

For the foregoing reasons, we affirm the (1) December 23, 2019 "Judgment for Possession"; and (2) March 11, 2020 "Order Denying Defendant's Motion for Reconsideration, Filed

January 2, 2020," both filed and entered by the District Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, June 27, 2024.

On the briefs:

Mark M. Murakami
Joanna C. Zeigler
for Defendant-Appellant.

Ryan K.P. Kanakaole,
Deputy Attorney General
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge