**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000685
27-FEB-2026
07:52 AM
Dkt. 57 SO**

NO. CAAP-23-0000685

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THOMAS PEREZ NARVAEZ, Plaintiff-Appellant, v.
SIMON B. ROJAS AND KATHY ROJAS, Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAU POKO DIVISION
(CASE NO. 1DRC-20-0004686)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Guidry, JJ.)

Plaintiff-Appellant Thomas Perez Narvaez (**Narvaez**) appeals from the December 20, 2023 Judgment (**Fee Judgment**) entered in favor of Defendants-Appellees Simon B. Rojas (**Simon**) and Kathy Rojas (**Kathy**) (together, **the Rojases**) by the District Court of the First Circuit, Koʻolau Poko Division (**District Court**).[1/]  The Fee Judgment awarded attorney's fees in the amount of $26,570.19 to the Rojases.  Narvaez also challenges the District Court's October 19, 2023 order granting the Rojases' renewed motion for award of attorney's fees (**Fee Order**).

We resolved the merits of Narvaez's summary possession complaint against the Rojases in a prior appeal.  See Narvaez v. Rojas (Narvaez I), No. CAAP-22-0000121, 2023 WL 6184186 (Haw. App. Sept. 22, 2023).  Our September 22, 2023 Summary Disposition Order affirmed the District Court's March 7, 2022 judgment in favor of the Rojases.  Id. at *5.  However, we vacated the District Court's March 29, 2022 order awarding attorney's fees to the Rojases because it was entered without jurisdiction, after

_____

[1/]    The Honorable Karin L. Holma presided.

Narvaez filed his appeal from that earlier judgment. Id. We noted that the attorney's fees motion remained pending in the district court and could be addressed on remand. Id. Our Judgment on Appeal was entered on October 23, 2023.

Meanwhile, on October 6, 2023, the Rojases filed a renewed motion for attorney's fees (**Renewed Fee Motion**) in the District Court. The requested fees included attorney's fees for appellate work done in CAAP-22-0000121. The District Court granted the motion in the October 19, 2023 Fee Order and awarded the requested fees in the December 20, 2023 Judgment.

On appeal, Narvaez contends that the District Court erred as a matter of law and abused its discretion when it: (1) "awarded attorney's fees to [the Rojases] pursuant to HRS § 607-14, because this is an action for summary possession that is not in the nature of assumpsit"; (2) "awarded attorneys' appellate fees for Case No. CAAP-22-0000121 in violation of the procedures set in [Hawaiʻi Rules of Appellate Procedure (HRAP)] Rule 39(d)"; and (3) "awarded the full amount of attorneys' fees requested by Appellees, even though the fees requested were not reasonable or adequately supported." In his fourth point of error, Narvaez contends that "[t]he District Court lacked jurisdiction when it awarded attorneys' fees before this Court's judgment in Case No. CAAP-21-0000121 was effective."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Narvaez's contentions as follows.

(1) Because Narvaez's fourth point of error challenges the District Court's jurisdiction to enter the award of attorney's fees, we address that contention first.

HRAP Rule 36(c) provides in relevant part:

> The intermediate court of appeals' judgment is effective as follows:
>
> (1) if no application for writ of certiorari is filed,
>
> (A) upon the thirty-first day after entry or
>
> (B) where the time for filing an application for a writ of certiorari is extended in accordance with Rule 40.1(a) of these Rules, upon the expiration of the extension[.]

HRAP Rule 36(c)(1).

Here, this court's Judgment on Appeal was entered on October 23, 2023.  No application for writ of certiorari was filed, and the time for filing the relevant application was not extended.  Our judgment thus became effective on November 23, 2023.  That is also the date when jurisdiction reverted to the District Court.  See State v. Carlton, 146 Hawaiʻi 16, 23-24, 455 P.3d 356, 363-64 (2019) (quoting and applying the Commentary to HRAP Rule 41).

Until this court's judgment becomes effective, "the lower court does not have the power to exercise authority over a case in order to schedule further proceedings."  Id. at 24, 455 P.3d at 364.  Accordingly, the District Court lacked jurisdiction to enter the Fee Order on October 19, 2023.

However, the Fee Order was not final and appealable until the Judgment awarding the fee amount finally determined the post-judgment proceeding.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 428 n.12, 106 P.3d 339, 351 n.12 (2005).  That Judgment was entered on December 20, 2023, after jurisdiction had reverted to the District Court.  Moreover, on December 8, 2023, the District Court held a hearing on Navarez's then-pending motion to stay the Fee Order, during which the court "noted that there is no judgment to stay and [the court] continues this hearing to give [the Rojases' counsel] time to file a judgment."  In these circumstances, where the District Court appears to have considered the Fee Order and the award amount after jurisdiction had returned to it, and before entering the Judgment, we conclude that the Judgment was valid.

(2) In his first point of error, Narvaez contends that the District Court abused its discretion in awarding attorney's fees to the Rojases, because the underlying action is not in the nature of assumpsit.  Specifically, he argues that HRS § 607-14 does not provide a legal basis to award fees in a summary possession action such as this, where the sublease agreement between Narvaez and Simon (**Sublease**)[2] does not provide for

---

[2]    Kathy is not a party to the Sublease.

attorneys' fees.[3/]

HRS § 607-14 mandates an award of attorney's fees "in all actions in the nature of assumpsit and in all actions on a . . . contract in writing that provides for an attorney's fee[.]" There is no dispute here that the Sublease does not provide for an attorney's fee. The challenged award therefore turns on whether this action "is in the nature of assumpsit."

"Assumpsit is a common law form of action which allows for the recovery of <u>damages</u> for <u>nonperformance of a *contract*</u>, either express or implied, written or verbal, as well as quasi contractual obligations." <u>Cowan v. Exclusive Resorts PBL1, LLC</u>, 156 Hawaiʻi 268, 274 n.4, 574 P.3d 288, 294 n.4 (2025) (brackets omitted; some emphasis added) (quoting <u>TSA Int'l Ltd. v. Shimizu Corp.</u>, 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999)); <u>Forbes v. Haw. Culinary Corp.</u>, 85 Hawaiʻi 501, 507-08, 946 P.2d 609, 615-16 (App. 1997). In <u>Forbes</u>, this court held that a complaint for summary possession and for money damages for rents due under a lease are two separate causes of action, and recovery of the leased premises by a writ of possession and recovery of contract damages for rents are two distinct remedies. <u>Id.</u> at 510, 946 P.2d at 618.

Narvaez initiated this action by filing a district court form complaint in which he checked applicable boxes and filled in applicable blanks. He alleged that "Defendant" breached the Sublease; he sought summary possession of, and a writ of possession for, the subleased property (**Property**). He did not allege that the Rojases failed to pay rent or otherwise seek monetary damages from them. In opposing summary judgment, Narvaez argued, in effect, that the Sublease was void because he did not have a right to sublease the Property and the Rojases therefore had no right to occupy the Property. He did not mention damages.

We stated in <u>Narvaez I</u>:

---

[3/]  Narvaez did not waive this argument by not raising it in his first appeal, as the Rojases incorrectly assert. Among other things, the Fee Judgment, entered after our decision in <u>Narvaez I</u>, includes an award of appellate attorney's fees, and is materially different from the judgment we considered in the first appeal.

> This is an action brought by Narvaez for summary possession. "Summary possession is a statutory proceeding that enables a landlord to regain possession of his property and remove any tenant who is wrongfully in possession of the land in question." Queen Emma Found. v. Tingco, 74 Haw. 294, 299-300, 845 P.2d 1186, 1189 (1992) (citing Kimball v. Lincoln, 72 Haw. 117, 124, 809 P.2d 1130, 1134 (1991), and HRS § 666-1 (1985)).

2023 WL 6184186, at *2.

Because Narvaez did not seek "the recovery of damages for nonperformance of a *contract*, either express or implied, written or verbal, as well as quasi contractual obligations[,]" this was not an action in the nature of assumpsit under HRS § 607-14. Forbes, 85 Hawaiʻi at 507-08, 946 P.2d at 615-16 (emphasis added); see id. at 510, 946 P.2d at 618; cf. Lee v. Aiu, 85 Hawaiʻi 19, 31-32, 936 P.2d 655, 667-68 (1997) ("Although [the plaintiff] requested damages as alternative relief, we have determined that specific performance of the agreement is the remedy consistent with equitable reformation of the deed. Hence, because [the plaintiff's] claim for specific enforcement is not an action in assumpsit, we affirm the trial court's denial of her request for attorney's fees against [the defendant] under HRS § 607-14."). Nor did the Sublease itself provide for an attorney's fee. HRS § 607-14 therefore provided no basis for the fee award to the Rojases, and the District Court acted outside its discretion in making the award based on that statute.

In light of our disposition, we need not reach Narvaez's remaining contentions.

For the reasons discussed above, the December 20, 2023 Judgment entered by the District Court of the First Circuit, Koʻolau Poko Division, is reversed.

DATED: Honolulu, Hawaiʻi, February 27, 2026.

On the briefs:

Mateo Caballero
(Caballero Law LLLC)
for Plaintiff-Appellant.

Bosko Petricevic
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge